[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No.97-4896

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/11/99
THOMAS  K. KAHN
CLERK

D. C. Docket No. 96-8091-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN S. EDWARDS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(February 11, 1999)

Before TJOFLAT and DUBINA, Circuit Judges, and SMITH*, Senior Circuit Judge.

_____

*Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

TJOFLAT, Circuit Judge:

The defendant, Jonathan Edwards, was convicted of one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Because the Government failed to prove its case, we reverse.

I.

Patrick Flannery, a West Palm Beach police officer, was working undercover as a narcotics supplier as part of a "reverse sting" operation. An informant put him in touch with Edwards, and the two arranged to meet at a local restaurant. At the meeting, Flannery and Edwards discussed the possibility of a narcotics sale; the next day, the two negotiated a deal in which Edwards agreed to pay $8000 for one-half kilogram of crack cocaine.

Flannery and Edwards met in a parking lot – under the watchful eye of a group of DEA agents – to complete the deal. Flannery walked over to Edwards' car and asked to see the money for the purchase; Edwards responded by flashing a bundle of cash. Edwards then followed Flannery back to his car, where Flannery opened the trunk and pointed to a manila envelope containing one-half kilogram of crack cocaine. Edwards reached into the trunk, picked up the envelope, and pulled out the inner plastic bag containing the cocaine. After inspecting the contraband, Edwards slid the plastic bag back into the envelope, returned the envelope to

2

Flannery's trunk, and said, "Let's go for a ride."[1]  Flannery closed the trunk, and, as he and

Edwards were getting into Flannery's car, Flannery contacted the DEA agents (via cellular

telephone) who proceeded to arrest Edwards.

Edwards was tried before a jury in the United States District Court for the Southern

District of Florida.  At the conclusion of the Government's case, Edwards moved pursuant to

Fed. R. Crim. P. 29 for a judgment of acquittal.  The district court reserved ruling on the motion

until the close of the evidence, at which time the motion was denied.  The case then went to the

jury, which convicted Edwards as charged.

II.

In order to convict a defendant for possession with intent to distribute a controlled

substance, the Government must establish that the defendant possessed the controlled substance.

Possession can be either actual or constructive.  A defendant has actual possession of a substance

when he has direct physical control over the contraband.  See United States v. Munoz, 150 F.3d

401, 416 (5th Cir. 1998).[2]  The only point at which Edwards had any physical control over the

cocaine was when he picked up the manila envelope and briefly inspected its contents.  We have

previously held that mere inspection of contraband, standing alone, is not sufficient to establish

---

[1] According to Edwards' post-arrest statement, he planned to deliver the cocaine to his partner at a nearby gas station.

[2] Munoz, like many other cases on the topic of possession, defines actual possession as including knowledge – the defendant must "knowingly" have direct physical control over the contraband.  Such a definition conflates the possession element of the offense with the mens rea element of the offense.  It is quite possible to have possession of an object without knowing what it is, or even knowing that you possess it.  For criminal culpability to attach, however, the possession must be knowing.

3

possession.  See United States v. Derose, 74 F.3d 1177, 1186 (11th Cir. 1996); see also United States v. Kitchen, 57 F.3d 516, 524 (7th Cir. 1995).  Edwards therefore never had actual possession of the cocaine.

In the absence of actual possession, the Government must prove constructive possession. A defendant has constructive possession of a substance when he has some form of control other than direct physical control.  See United States v. Pruitt, 763 F.2d 1256 (11th Cir. 1985).  For instance, a defendant has constructive possession of a substance if it is being held by an agent of the defendant, or if it is in a safe deposit box to which the defendant has the key, or if it is in a cookie jar at the defendant's house.  The Government contends that Edwards had constructive possession of the cocaine while it was in Flannery's trunk.  We disagree.  The cocaine was in a locked automobile trunk to which only Flannery had the key.  Edwards had no access to the cocaine except through Flannery.  Thus, the only way Edwards could have had constructive possession would be if Flannery were Edwards' agent.  There is nothing in the facts of this case to suggest that Flannery – a narcotics officer – was under the control of Edwards.  We therefore find no constructive possession.

Because Edwards was not in possession of the cocaine, he could not be found guilty of possession with intent to distribute.[3]  Therefore, Edwards' conviction and sentence are VACATED and the case is REMANDED with the instruction that the district court enter an

---

[3] Edwards was also charged with aiding and abetting possession with intent to distribute crack cocaine, in violation of 18 U.S.C. § 2.  His conviction cannot be sustained on that ground, however, because no one committed the underlying offense – Edwards had the intent to distribute, but never had possession; Flannery had possession, but never had the intent to distribute.  See United States v. Martin, 747 F.2d 1404, 1407 (11th Cir. 1984) (reversing the defendant's aiding and abetting conviction in the absence of evidence that the principal offense was committed).

4

order dismissing the indictment.