[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**April 29, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-12175
Non-Argument Calendar

_____

D. C. Docket No. 03-00045-CR-4-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TORIANO ROBERTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(April 29, 2005)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Toriano Roberts appeals his conviction for possession with intent to

distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(ii). Roberts

argues that the trial court erred by allowing the jury to hear his incriminating statements made to the law enforcement agents because his confession was involuntary. Roberts also asserts that the court erred by denying his motion of acquittal, since there was a variance between the evidence presented at trial by the government and the facts charged in the indictment, and therefore, the evidence was insufficient to support his conviction. Finally, Roberts claims that the district court abused its discretion in denying his proposed jury instructions.

We review a district court's denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error and its application of law to those facts de novo. United States v. Gil, 204 F.3d 1347, 1350 (11th Cir.2000). Under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), a defendant's incriminating statements made during a custodial interrogation may be used against him at trial as long as those statements were voluntary and the defendant was aware of his rights. "The standard for evaluating the voluntariness of a confession is whether a person 'made an independent and informed choice of his own free will, possessing the capability to do so, his will not being overborne by the pressures and circumstances swirling around him.'" United States v. Castaneda-Castaneda, 729 F.2d 1360, 1362 (11th Cir. 1984). Voluntariness is measured by the totality of the circumstances. Id.; see

also Palmes v. Wainwright, 725 F.2d 1511, 1516 (11th Cir. 1984) (holding that a defendant's statements were voluntary after defendant initially refused to sign waiver, but later initiated the contact with police and signed the waiver). A defendant's lack of understanding regarding the evidentiary value of his statements does not mean that his waiver was not made voluntarily or knowingly. United States v. Ricks, 817 F.2d 692, 697 (11th Cir. 1987). The notion that a confession is per se inadmissible merely because the defendant declines to sign the waiver of his rights has been "repeatedly rejected." See United States v. Sawyer, 504 F.2d 878, 879 (5th Cir. 1974).

The district court's denial of the motion to suppress was not erroneous. Neither Agent Poore nor Yopp made any promises or threats prompting the inculpating statement, even though Roberts wanted some guarantees. Roberts knew he was charged with a cocaine offense and was exhaustively made aware of his rights to counsel and to remain silent, yet he agreed to talk to the agents. Furthermore, there is nothing in the circumstances surrounding Roberts's interview to indicate that his statements to the agents were not voluntarily given, despite the fact that he said he was not going to "sign anything." Finally, Roberts's argument that his confession was involuntary because the agents failed to inform him that they would not have a case against him without the incriminating

3

statement is without merit.

We review the district court's denial of a motion for judgment of acquittal <u>de novo</u>, viewing the facts and drawing all inferences in the light most favorable to the government. <u>United States v. Descent</u>, 292 F.3d 703, 706 (11th Cir. 2002). To affirm the denial of a Rule 29 motion, we "need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." <u>Id.</u> (internal citation omitted). "The evidence may be sufficient though it does not 'exclude every reasonable hypothesis of innocence or [is not] wholly inconsistent with every conclusion except that of guilt. . . . A jury is free to choose among reasonable constructions of the evidence.'" <u>United States v. Montes-Cardenas</u>, 746 F.2d 771, 778 (11th Cir. 1984) (quoting <u>United States v. Bell</u>, 678 F.2d 547, 549 (5th Cir. 1982) (Unit B en banc)).

The standard of review in determining whether a material variance exists between the allegations in the indictment and the facts established at trial is a two-part test: (1) did a material variance occur; and (2) if so, did the defendant suffer substantial prejudice as a result. <u>United States v. Dennis</u>, 237 F.3d 1295, 1300 (11th Cir. 2001). "A variance occurs when the facts proved at trial deviate from the facts contained in the indictment but the essential elements of the offense are the same." <u>United States v. Keller</u>, 916 F.2d 628, 634 (11th Cir. 1990). "'Two

4

purposes are served by the requirement that the allegations of the indictment and the proof at trial correspond: (1) the defendant is properly notified of the charges so that he may present a defense; and (2) the defendant is protected against the possibility of another prosecution for the same offense.'" United States v. Roberts, 308 F.3d 1147, 1156 (11th Cir. 2002) (quoting United States v. Reed, 887 F.2d 1398, 1403 (11th Cir. 1989)).

The elements that must be proved beyond a reasonable doubt by the government in order to establish a violation of U.S.C. § 841(a) are that the defendant: (1) knowingly and intentionally (2) possessed cocaine (3) with intent to distribute it. See 21 U.S.C. § 841(a)(1); see also United States v. Poole, 878 F.2d 1389, 1391 (11th Cir. 1989). Pursuant to § 841(a)(1), all three elements can be proven by direct or circumstantial evidence. Poole, 878 F.2d at 1392. "Possession may be actual or constructive, and the latter can be established by evidence showing ownership, dominion, or control over the contraband itself or the premises on which it is concealed." Montes-Cardenas, 746 F.2d at 778. A defendant has actual possession of a substance when he has direct physical control over the contraband. See United States v. Edwards, 166 F.3d 1362, 1363 (11th Cir.1999). Constructive possession is sufficient to establish the element of possession. Id.

It does not appear that a variance occurred in this case because Roberts's indictment charging illegal possession with intent to distribute cocaine encompassed both actual and constructive possession. Accordingly, Roberts did not suffer a Fifth Amendment due process violation. Additionally, the record supports the conclusion that Roberts actually and constructively possessed the cocaine. First, when Roberts paid "J," his supplier, the money for the drugs, he was handed a "brown sandwich – brown paper bag," containing half kilogram of the cocaine. Accordingly, when Roberts took physical possession over the substance he actually possessed the cocaine. In addition, Roberts exercised constructive and actual possession of the cocaine when he was stopped by Trooper Davis. The record reveals that Roberts knew where the drugs were hidden in the car that he rented and was driving.

"A district court's refusal to give a requested instruction in its charge to the jury is reviewed under an abuse of discretion standard." United States v. Morales, 978 F.2d 650, 652 (11th Cir. 1992). "The district court's refusal to give the requested instruction is reversible error only if (1) the instruction is substantially correct, (2) the instruction was not addressed in the charge actually given, and (3) the failure to give the requested instruction seriously impaired the defendant's ability to present an effective defense." Id.

6

Jury instructions properly challenged below are reviewed de novo to determine whether they misstated the law or misled the jury to the prejudice of the objecting party. United States v. Grigsby, 111 F.3d 806, 814 (11th Cir.1997). Counsel's objections to proposed instructions should be sufficient to give the district court the chance to correct errors before the case goes to the jury. Id. We will reverse the district court because of an erroneous jury instruction only if we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations. United States v. Fulford, 267 F.3d 1241, 1245 (11th Cir. 2001). Pursuant to the law of this Circuit, exclusive control over the object is not required in order to establish constructive possession. See United States v. Knight, 705 F.2d 432, 433 (11th Cir. 1983) (holding that constructive possession need not be exclusive but may be shared by others); see also United States v. Leonard, 138 F.3d 906, 909 (11th Cir. 2004) (constructive possession defined as defendant's ownership, dominion, or control over an object itself or dominion or control over the premises or the vehicle in which the object is concealed).

The district court did not abuse its discretion in rejecting Roberts's proposed jury instructions because they constituted an erroneous statement of law. In this circuit, exclusive control over the object in question is not required to establish

7

constructive possession. Furthermore, the district court's instructions to the jury which included the phrase "the intention to later take control over something" were not erroneous, as we have found the identical jury instructions to be consistent with the law of this Circuit. See United States v. Gunn, 369 F.3d 1229, 1235 (11th Cir.) cert. denied., No. 04-6100 (U.S. Oct. 12, 2004).

Finally, the Court should remand the case to the district court to correct the clerical omission of the word "months" from Roberts's written imprisonment sentence. See Fed. R. Crim. P. 36 (permitting district court to correct clerical error in judgment "at any time" after giving appropriate notice).

Accordingly, upon review of the record and consideration of the briefs of the parties, we affirm in part and remand in part.

**AFFIRMED IN PART, REMANDED IN PART.** [1]

---

[1] Roberts's request for oral argument is denied.