[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11317

_____

D. C. Docket No. 04-00165-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CURTIS TOLBERT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 27, 2006)**

Before BIRCH, CARNES and BRUNETTI[*], Circuit Judges.

BIRCH, Circuit Judge:

---

[*] Honorable Melvin Brunetti, United States Circuit Judge for the Ninth Circuit, sitting by designation.

This case presents the inverse of the usual guns-and-drugs scenario—a drug conviction enhanced by firearm possession. Here, the defendant was convicted for a firearms crime and the weapons possession enhancement was employed because of an uncharged drug offense. James Curtis Tolbert, Jr., appeals his 120-month sentence imposed after he was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argued that the district court erred by enhancing his offense level pursuant to U.S.S.G. § 2K2.1(b)(5) (2004), a weapons possession Guidelines enhancement, when the government failed to prove by a preponderance of the evidence that he possessed the cocaine found on the ground in front of where the three codefendants were being held. Because we agree that the evidence is insufficient to personally tie Tolbert to the cocaine, we VACATE and REMAND for resentencing.

## I. BACKGROUND

Given the fact-intensive nature of this case, we first review the factual predicates to the district court's sentencing decision. Tolbert was a convicted felon who had not had his right to possess a firearm restored. He was indicted by a grand jury on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Tolbert was tried by a jury and found guilty of the crime

2

charged.

During trial, Agent Byron Russell testified that on 1 October 2003, he and Agent Alfred Carter pulled over a blue car containing three men. He stated that after the blue car stopped, Tolbert got out of the rear, right seat with a rifle in his hand, tossed it down, and then he and another passenger, Christopher Crook, ran to the front of the vehicle and then down the alley. The agents pursued the two men and caught Tolbert in the alley and Crook in front of a nearby store. The agents brought Tolbert and Crook back to the car. Agent Carter testified that after the two men were arrested, Agent Russell had them lie face down in front of the blue car with the driver, Tim Cunningham.

According to the undisputed portions of the presentence investigation report, in front of where Tolbert and Cunningham were lying on the ground, agents found two bags of cocaine. The agents do not, however, know which suspect, if any, discarded the bags. Subsequent testing determined that one of the bags contained .61 grams of crack cocaine. The government presented no lab-based forensic evidence regarding the composition or weight of the drugs contained in the other bag, although the substance field-tested as cocaine powder.

Prior to sentencing, Tolbert objected to the finding that he possessed the cocaine that was found on the ground near him at the time of his arrest and the

3

corresponding four-point increase in his offense level pursuant to U.S.S.G. § 2K2.1(b)(5), based upon his possession of a firearm in connection with another felony. The district court concluded that all three men had "common knowledge" of the drugs, relying on our precedent that the enhancement "reflects an increased danger of violence, unless it's clearly improbable that the weapon was connected with the offense." R6-45 at 18–20. The court continued, "finding . . . those drugs on the ground[,] I can definitely . . . attribute to the three defendants in the vehicle. . . . And it is not clearly improbable that the weapon was there . . . for some other purpose." Id. at 19.

On appeal, Tolbert argues that there was no evidence of where the cocaine was inside the car in which he was riding before he and his two codefendants exited, and the evidence showed that he exited from the right side of the car and that the gun was found on the right side of the car but that the drugs were not. Tolbert concludes that the government failed its burden of proving that he possessed the cocaine.

## II. DISCUSSION

"A challenge to the application of the [Sentencing Guidelines] is a mixed question of law and fact." United States v. Anderson, 326 F.3d 1319, 1326 (11th

4

Cir. 2003).  We review "the district court's findings of fact for clear error and its application of the sentencing guidelines to those facts de novo."  Id.  "The government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement."  United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999).  "Preponderance of the evidence is not a high standard of proof.  It is not, however, a toothless standard either, and a district court may not abdicate its responsibility to ensure that the prosecution meets this standard before adding months or years onto a defendant's prison sentence."  Id.

> [I]f the probation officer and the prosecutor believe that the circumstances of the offense, the defendant's role in the offense, or other pertinent aggravating circumstances, merit a lengthier sentence, they must be prepared to establish that pertinent information by evidence adequate to satisfy the judicial skepticism aroused by the lengthier sentence that the proffered information would require the district court to impose.

United States v. Lawrence,  47 F.3d 1559, 1567 (11th Cir. 1995) (quotations omitted).

The Sentencing Guidelines provide for a four-level increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(5).  This enhancement can be applied regardless of whether a charge was brought or a conviction obtained.  Id. cmt. n.4.  In United States v. Rhind, we discussed the enhancement, noting that "[w]hile §

5

2K2.1(b)(5) does not define the phrase 'in connection with,' we have held that courts should give such phrases their ordinary meaning." 289 F.3d 690, 695 (11th Cir. 2002) (citation omitted). We analogized the "in connection with" language to the language contained in U.S.S.G. § 2B5.1(b)(3), noting that the ordinary and natural meaning of "in connection with the offense" does not require that the firearm facilitate the underlying offense. Id. Thus, for purposes of our present inquiry—that is, whether there is sufficient evidence to support the uncharged drug felony—Tolbert's possession of the firearm, when he exited the car, is sufficient to demonstrate connection with a drug offense for purposes of the enhancement.[1]

The issue in this case, however, relates to whether the government sufficiently proved Tolbert's role in the drug offense; that is, whether he possessed the uncharged drugs. Although a criminal conviction must be supported by evidence showing a defendant is guilty beyond a reasonable doubt, the lesser

---

[1] Although we resolve this case based on the arguments presented to us by counsel, it may be that our prior cases on § 2K2.1(b)(5) determine the outcome, regardless of whether the uncharged drug crime is shown by a preponderance of the evidence. See United States v. Brown, 332 F.3d 1341 (11th Cir. 2003). In Brown, we considered whether § 2K2.1(b)(5) could be used to enhance a drug crime when the defendant was also convicted of felony possession under 18 U.S.C. § 922(g). We held that "[t]he weapons possessed . . . in the course of the underlying drug trafficking offense resulted in [a] conviction under § 922(g), therefore, the § 2K2.1(b)(5) enhancement cannot be applied." Id. at 1346. Thus, in this case, it might be argued that even if there were evidentiary support for the drug crime, § 2K2.1(b)(5) could not be applied because Tolbert was already being sentenced for his conviction under 18 U.S.C. § 922(g) for felony possession. Although we dispose of this case on other grounds, we do not intend to disturb the line of cases involving the circumstances in Brown, which determine whether the Guidelines enhancement for weapons possession may be employed when the defendant in the case is also convicted of a statutory weapons possession crime.

6

preponderance of the evidence standard is applied to factual findings necessary to support sentencing enhancements. See United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir. 2005). Thus, our task is to decide whether the government presented sufficient evidence to demonstrate that Tolbert possessed the drugs by a preponderance of the evidence.

"Possession may be actual or constructive, joint or sole." United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004) (per curiam). The possession must also be knowing. United States v. Farris, 77 F.3d 391, 395 (11th Cir. 1996). "A defendant has actual possession of a substance when he has direct physical control over the contraband." United States v. Edwards, 166 F.3d 1362, 1363 (11th Cir. 1999). "A defendant has constructive possession of a substance when he has some form of control other than direct physical control." Id. at 1364. However, we have often held that mere presence at the scene where drugs are found is not enough to support a criminal conviction for possession. See Holmes v. Kucynda, 321 F.3d 1069, 1081 (11th Cir. 2003).

In this case, however, there is no evidence that Tolbert possessed or had knowledge of the drugs in question. The question is whether Tolbert could jointly possess drugs when there is no evidence that he had prior knowledge of them. This case is distinguishable from those cases where the amount of drugs is so large that

7

it warrants an inference tying defendants to drugs that were not found on their person.  See United States v. Molina, 443 F.3d 824, 829 (11th Cir. 2006); United States v. Vera, 701 F.2d 1349, 1358 (11th Cir. 1983).

Here, a very small quantity of drugs, amounting to a single use, was found in front of three people, but there was no evidence tying the drugs to any of the individuals.  The application of a doctrine that would imply joint possession is inappropriate absent other facts that would make the inference reasonable.  See United States v. Pedro, 999 F.2d 497, 502 (11th Cir. 1993) (holding that the absence of evidence of awareness of a firearm defeats a claim for constructive possession).  The small amount of drugs at issue in this appeal makes plausible Tolbert's argument that one of the other people in Tolbert's car had the drugs when the stop was made and that Tolbert could have not known about the drugs.

Without evidence that Tolbert knew about the drugs, the government fails its burden of showing that Tolbert jointly possessed the drugs with his codefendants.  Because there was no proof that Tolbert was guilty of a felony offense, the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2K2.1(b)(5).

## III.  CONCLUSION

Tolbert has appealed his 120-month sentence imposed after he was

convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argued that the district court erred by enhancing his offense level pursuant to U.S.S.G. § 2K2.1(b)(5) when the government failed to prove by a preponderance of the evidence that he possessed the cocaine found on the ground in front of where the three codefendants were being held. Because we agree that the evidence is insufficient to personally tie Tolbert to the cocaine, we **VACATE** and **REMAND** for resentencing.