[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15218
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 3, 2007
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 05-00003-CR-D-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY WOMACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(January 3, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Larry Womack appeals his conviction for possession of cocaine base in

violation of 21 U.S.C. § 844(a). Womack raises two arguments on appeal. First, he contends that the district court erred by denying his motion to suppress evidence seized from his home pursuant to a search warrant. Second, he contends that the district court erroneously denied his motion for judgment of acquittal.

## I.

Womack contends that the district court should have suppressed the evidence seized at his home because the search warrant affidavit lacked sufficient information to support a finding of probable cause. The Fourth Amendment provides that "no Warrant shall issue, but upon probable cause . . . ." U.S. Const. amend. IV. To establish probable cause, a search warrant affidavit must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (internal quotation and citation omitted). The affidavit is insufficient if it contains mere conclusory statements that do not give the magistrate judge a basis for making a judgment. Illinois v. Gates, 462 U.S. 213, 239, 103 S. Ct. 2317, 2332–33 (1983). "Specifically, the affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." Martin, 297 F.3d at 1314.

Under the exclusionary rule, evidence seized as a result of an illegal search

2

is generally inadmissible if offered by the government in a subsequent criminal prosecution against the person from whom government agents seized the evidence. See Weeks v. United States, 232 U.S. 383, 398, 34 S. Ct. 341, 346 (1914); Franks v. Delaware, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684 (1978). However, under the good faith exception to the exclusionary rule, evidence will be admitted in the prosecution's case-in-chief if it is obtained by law enforcement officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate. United States v. Leon, 468 U.S. 897, 927–28, 104 S. Ct. 3405, 3424 (1984). Such evidence is admissible even if a court subsequently deems the affidavit on which the warrant was based to be insufficient to establish probable cause. Id.

Here, we need not review the district court's finding that the judge issuing the warrant had a substantial basis for concluding that the search would uncover evidence of wrongdoing based on the warrant application and affidavit. Even if the district court erred in that determination, the evidence is admissible under the good faith exception to the exclusionary rule.

Womack's strongest argument that the warrant affidavit was insufficient to support a finding of probable cause is that the police relied on a confidential informant to establish probable cause, and the affidavit only briefly describes the

3

attesting officer's reasons for believing that the CI was telling the truth. When the police rely on a CI, the affidavit in support of the search warrant must demonstrate the CI's "veracity" and "basis of knowledge." Martin, 297 F.3d at 1314 (citation omitted). There are sufficient indicia of veracity where the CI has provided truthful and reliable information in the past and where the level of detail in the information shows that the CI is unlikely to be lying. United States v. Brundidge, 170 F.3d 1350, 1353–54 (11th Cir. 1999). "[W]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." Martin, 297 F.3d at 1314 (internal quotation omitted). Because the Second Judicial Circuit Drug Task Force did not independently corroborate the informant's information, they must establish her veracity.

To do so, Officer David Sankey completed an affidavit for a search warrant which described the CI as follows:

> That a reliable confidential source that has made drug buys for the 2nd Judicial Drug Task Force in the past and has given truthful information from which search warrants were executed, drugs were found and arrests were made hereafter referred to as CS; That within the past 72 hours, the CS went to Mr. Womack residence and purchases [sic] an amount of crack cocaine. The CS further states that Mr. Womack has more crack cocaine at this residence. CS further advises that Mr. Womack operates an illegal gambling establishment and sells alcohol without a license.

A district judge in the District Court of Crenshaw County, Alabama found

4

probable cause and signed the search warrant. At a subsequent suppression hearing before a United States Magistrate Judge for the Middle District of Alabama, Womack's counsel examined Officer Sankey, who revealed that he had not personally worked with the CI before and that he did not know how many times the 2nd Judicial Drug Task Force had worked with the CI in the past. Nonetheless, the magistrate judge found that the affidavit was facially sufficient to establish probable cause, because it disclosed that the CI had made drug buys for the task force in the past, that the CI had given truthful information leading to arrests, and that the CI had purchased drugs at the defendant's residence within the past 72 hours. The district court adopted the magistrate judge's findings. It stated that the affidavit would have benefitted from additional details. Officer Sankey could have aided the issuing judge by providing specific information about the CI's prior work with the judicial task force, such as the number of times the CI provided information and what that information entailed. However, the district court noted that Sankey's affidavit provided more information about the CI's track record than the affidavit held to be sufficient in United States v. Foree, 43 F.3d 1572, 1575 (11th Cir. 1995), and stated that the judge issuing the warrant deserved deference.

Even if we were to disagree with the three judges who have already

reviewed the affidavit and find that it failed to establish probable cause sufficient to issue a search warrant for Womack's apartment, we could not find that the task force acted in bad faith. There is no evidence that Officer Sankey presented false information to the issuing judge or that the judge abandoned his judicial role. For that reason, suppression is only warranted if the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Brown v. Illinois, 422 U.S. 590, 610–11, 95 S. Ct. 2254, 2265. It will be the rare case in which three judges find a warrant affidavit to be facially sufficient, and yet we hold that a police officer is behaving "entirely unreasonably" in concluding precisely the same thing. Officer Sankey had been told by his commander that the CI had provided reliable information leading to arrests on several prior occasions, and he relayed this information in the warrant affidavit. Neither he nor we have been presented with any reason to doubt his commander's factual claim. Officer Sankey thus had reason to believe that he had properly established the CI's veracity in his affidavit, and the task force was reasonable in relying on the signed search warrant.

## II.

Womack's second contention is that the district court erroneously denied his motion for a judgment of acquittal. We review de novo the district court's denial

6

of the motion, viewing the facts and drawing all inferences in the light most favorable to the government. United States v. Descent, 292 F.3d 703, 706 (11th Cir. 2002). To affirm the denial of such a motion, "we need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." Id. (internal citation and quotations omitted). The evidence does not need to exclude "every reasonable hypothesis of innocence . . . . A factfinder may choose from among reasonable constructions of the evidence." United States v. Kelly, 888 F.2d 732, 740 (11th Cir. 1989).

To convict a defendant for possession of cocaine base, in violation of § 844(a), the government must establish beyond a reasonable doubt that the defendant possessed the controlled substance. United States v. Edwards, 166 F.3d 1362, 1363 (11th Cir. 1999). "Possession can be either actual or constructive. A defendant has actual possession of a substance when he has direct physical control over the contraband." Id. at 1363. "Constructive possession exists when a person has knowledge of the thing possessed coupled with the ability to maintain control over it or reduce it to his physical possession even though he does not have actual personal dominion. . . . [A] court may find constructive possession by finding ownership, dominion, or control over the contraband itself or dominion or control over the premises or the vehicle in which the contraband was concealed." United

States v. Derose, 74 F.3d 1177, 1185 (11th Cir. 1996).

Drawing all inferences in favor of the government, the jury heard evidence from a police officer that, as he witnessed Womack run down a hall and into a bathroom, he heard a pill bottle crash against a wall and heard something spill out. The officer then followed Womack into a bathroom, saw him shut the lid of the toilet and flush it, and observed the pill bottle and crack cocaine in the bathroom. Another officer testified that he saw the lid of the pill bottle in the hallway, the pill bottle in the bathroom, and crack cocaine in the hallway and bathroom. A third officer testified that he witnessed Womack run into the bathroom. Two of the three officers testified that they witnessed Womack write a partial statement taking responsibility for the drugs. Finally, a drug chemist testified that the crack cocaine gathered from the hallway and bathroom totaled 5.64 grams.

A reasonable juror could conclude that this evidence establishes beyond a reasonable doubt that Womack had control over crack cocaine, contained in a pill bottle, as he ran down the hallway and into a bathroom, and that he threw the bottle against a wall, spilling 5.64 grams of the crack cocaine into the hallway and on the bathroom floor. Accordingly, the district court did not err in denying Womack's motion for judgment of acquittal.

**AFFIRMED.**

8