[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-14028
Non-Argument Calendar

_____

D. C. Docket No. 06-20046-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWAN HANNA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 18, 2008)

Before ANDERSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Antwan Hanna appeals his convictions for (1) conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, and a detectable amount of cocaine and marijuana, 21 U.S.C. §§ 846, 841(b)(1)(A)(iii), (b)(1)(C) and (b)(1)(D); (2) possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and 18 U.S.C. § 2; (3) possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2; and (4) possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2. Hanna argues that the district court erred by denying his motion for judgment of acquittal because the evidence in the instant case was insufficient to convict him of conspiracy to possess a controlled substance with intent to distribute, or possession of a controlled substance with intent to distribute. He contends that, at best, the evidence established "suspicious circumstances," which are insufficient to support his conviction.

For the reasons set forth more fully below, we affirm.

We review de novo a district court's denial of judgment of acquittal on sufficiency of evidence grounds. United States v. Yates, 438 F.3d 1307, 1311-12 (11th Cir. 2006) (en banc). In reviewing a sufficiency of the evidence challenge, we consider "the evidence in the light most favorable to the government." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). We also make all

reasonable inferences and credibility choices in favor of the government and the jury's verdict.  Id.  We must affirm "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt."  Id.  "The evidence need not exclude every hypothesis of innocence or be completely inconsistent with every conclusion other than guilt because a jury may select among constructions of the evidence."  United States v. Bailey, 123 F.3d 1381, 1391 (11th Cir. 1997).

### a.  Conspiracy

Conspiracy to possess crack cocaine with intent to distribute requires the government to prove beyond a reasonable doubt "(1) that a conspiracy existed; (2) that the defendant knew of it; and (3) that the defendant, with knowledge, voluntarily joined it."  United States v. Molina, 443 F.3d 824, 828 (11th Cir. 2006) (quotation omitted).  The agreement forming the basis of the conspiracy can be proved "by circumstantial evidence, through 'inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme.'"  United States v. Obregon, 893 F.2d 1307, 1311 (11th Cir. 1990) (citation omitted).  "Where the government's case is circumstantial, reasonable inferences, and not mere speculation, must support the jury's verdict."  United States v. Meija, 97 F.3d 1391, 1392 (11th Cir. 1996).

3

Although presence is a permissible factor to be considered in determining whether a defendant conspired with another, "it is well settled that mere presence will not support a conviction." United States v. Charles, 313 F.3d 1278, 1284 (11th Cir 2002). "Mere presence, guilty knowledge, even sympathetic observation" and close association with a co-conspirator are insufficient, without more, to support a conviction for conspiracy to distribute drugs. United States v. Lyons, 53 F.3d 1198, 1201 (11th Cir. 1995). Yet, such factors may raise a permissible inference of participation in a conspiracy, which the jury may consider as a "material and probative factor . . . in reaching its decision." United States v. Hernandez, 896 F.2d 513, 518 (11th Cir. 1990).

Here, the circumstantial evidence in this case, viewed in the light most favorable to the government, supports a finding that the jury in this case could reasonably conclude that Hanna was more than a "sympathetic observer" and, thus, that a conspiracy between Hanna and codefendant Frederick Mungai existed. See Lyons, 53 F.3d at 1201. Hanna drove Mungai to the apartment complex. After parking his car outside, but parallel to, the parking lot, Hanna joined Mungai. While Hanna was parking the car, Mungai attempted to open the driver's side door of a Monte Carlo parked in the lot adjacent to the apartment complex. Previously, a police dog had alerted to possible narcotics in the trunk of that car. Hanna and

4

Mungai were in near-constant company as they conversed and walked back and forth between two neighboring apartment complexes, and were the only two people who showed interest in the Monte Carlo over a three-hour period. Hanna conversed with a uniformed police officer while Mungai scanned the parking lot. Hanna and Mungai eventually met with an unknown third party. Following this meeting, Hanna proceeded to the elevated walkway around the apartment building, while Mungai scanned the parking lot and slowly crawled up to the trunk of the Monte Carlo, where he retrieved a brown paper bag. Law enforcement agents spotted Mungai and then took off in pursuit of him, after he ran underneath the elevated walkway and through the courtyard. At some point during the pursuit, Mungai discarded the brown paper bag, which was later found inside apartment A-211. Hanna was the only non-resident to enter apartment A-211 that day, and was last observed on the elevated walkway near the time that Mungai retrieved the brown paper bag from the Monte Carlo. The bag contained several smaller bags of narcotics, including 54.3 grams of crack cocaine.[1]

Based on these facts, the jury could infer that Hanna knew there was crack cocaine hidden in the Monte Carlo and, with that knowledge, transported Mungai to the apartment complex, took pains to ensure that Mungai retrieved the crack

[1]The bag contained 54.3 grams of cocaine base, 58.3 net grams of cocaine, 208.3 net grams of marijuana packaged in small bags and $1530 in cash.

5

cocaine, and attempted to secret the drugs after Mungai was spotted by law enforcement agents. Accordingly, the evidence was sufficient to establish that an agreement existed between Hanna and Mungai to possess with the intent to distribute more than 50 grams of crack cocaine and that Hanna voluntarily took actions to ensure that the drugs were obtained and secured. Accordingly, the district court did not err by denying Hanna's motion for a judgment of acquittal as to the conspiracy count.

### b. Substantive Counts

To support a conviction for possession with intent to distribute under 21 U.S.C. § 841(a)(1), the government "must prove (1) knowing (2) possession of a controlled substance (3) with intent to distribute it." United States v. Farris, 77 F.3d 391, 395 (11th Cir. 1996). These elements may be proved by circumstantial evidence. Id. "Possession may be actual or constructive, joint or sole." United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004) (per curiam). The possession must also be knowing. Farris, 77 F.3d at 395. "A defendant has actual possession of a substance when he has direct physical control over the contraband." United States v. Edwards, 166 F.3d 1362, 1363 (11th Cir. 1999). "A defendant has constructive possession of a substance when he has some form of control other than direct physical control." Id. at 1364. A jury may infer the intent

6

to distribute a controlled substance based on the amount of drugs involved in the offense. See United States v. Tinoco, 304 F.3d 1088, 1123 (11th Cir. 2002) ("A defendant's intent to distribute, moreover, may be inferred from the . . . quantity of narcotics that were seized.").

Any individual who aids, abets, or counsels another during the commission of a crime is punished as if that person were a principle to the crime. 18 U.S.C. § 2. "To prove guilt under a theory of aiding and abetting, the Government must prove: (1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." United States v. Camacho, 233 F.3d 1308, 1317 (11th Cir. 2000).

Here, although there was no direct evidence linking Hanna to the brown bag found in apartment A-211, which contained crack cocaine, cocaine, and marijuana, the circumstantial evidence, viewed in the light most favorable to the government, was sufficient to sustain his substantive convictions. Even assuming that there was insufficient evidence that Hanna possessed these drugs, either actively or constructively, the evidence supports Hanna's conviction under an aiding and abetting theory. The evidence established that Hanna drove Mungai to the apartment complex, and accompanied Mungai to the area where the Monte Carlo

7

was parked. Hanna engaged in a conversation with a uniformed police officer while Mungai scanned the parking lot. Hanna stopped by Danielle Ramsey's apartment, while Mungai crawled out to the Monte Carlo to retrieve a brown paper bag containing several smaller plastic bags of crack cocaine, cocaine, and marijuana. Mungai was chased by law enforcement officer and ran underneath the walkway outside of Ramsey's apartment, before discarding the brown paper bag. Ramsey, who resided in apartment A-211, testified that Hanna had stopped by and that she had left the door open for him after he went out for a few minutes. Ramsey noted, however, that she was in her bedroom when Hanna returned and stated that she did not initially hear him re-enter the apartment. After a few minutes, Hanna left the apartment and was met on the walkway by Mungai. Aside from Ramsey and her mother, Hanna was the only person inside apartment A-211 that day. The brown paper bag, which contained several smaller plastic bags of narcotics, was located in that apartment 20-30 minutes after Hanna left.

Despite the potential inconsistency as to Mungai's location at the time Hanna traveled in and out of Ramsey's apartment, the jury could reasonably infer that Hanna had prior knowledge that the brown paper bag contained crack cocaine, cocaine, and marijuana, and, accordingly, stashed the bag inside Ramsey's apartment after Mungai passed it off to him while fleeing from law enforcement.

8

Moreover, the jury could infer that Hanna engaged in a conversation with a police officer in order to divert the officer's attention away from Mungai, who was scanning the parking lot area near the Monte Carlo. Further, based on the quantity of drugs involved in the offense, along with the fact that the drugs were packaged in separate, smaller plastic bags, the jury could infer an intent to distribute. Accordingly, the evidence was sufficient to sustain Hanna's conviction, under an aiding and abetting theory, for possession of crack cocaine, cocaine, and marijuana with the intent to distribute.

In light of the foregoing, Hanna's convictions are

**AFFIRMED.**