[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2010
JOHN P. LEY
ACTING CLERK

_____

No. 08-11452
Non-Argument Calendar

_____

D. C. Docket No. 06-00033-CR-CAR-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KITTY SMITH,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 4, 2010)

Before CARNES, HULL and BARKETT, Circuit Judges.

PER CURIAM:

Kitty Smith appeals her convictions for conspiracy to possess with intent to distribute over 50 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846; possession with intent to distribute over 20 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(B)(iii) and 18 U.S.C. § 2; and two counts of using and maintaining premises for the purpose of manufacturing, distributing, and storing cocaine and marijuana, in violation of 21 U.S.C. § 856(a)(1),(b) and 18 U.S.C. § 2. Smith contends that none of her convictions were supported by sufficient evidence.

"We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). We must affirm the defendant's conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Garcia-Bercovich, 582 F.3d 1234, 1237 (11th Cir. 2009) (internal quotation marks omitted). The evidence does not have to "exclude every hypothesis of innocence or be completely inconsistent with every conclusion other than guilt because a jury may select among constructions of the evidence." United States v. Bailey, 123 F.3d 1381, 1391 (11th Cir. 1997).

"To support a conspiracy conviction under 21 U.S.C. § 846, the government

2

must prove that there is an agreement by two or more persons to violate the narcotics laws." United States v. Parrado, 911 F.2d 1567, 1570 (11th Cir. 1990). The government is required to prove knowledge, intent, and participation beyond a reasonable doubt. Id. "Mere presence at the scene is not enough" but "direct evidence of a conspiracy is not required." Id. (internal quotation marks omitted). A defendant's knowing participation in a conspiracy can be "established through proof of surrounding circumstances such as acts committed by the defendant which furthered the purpose of the conspiracy." Id.

Smith contends that the evidence only showed that she lived with Torey Gartrell at the Westchester Circle and Laurel Drive apartments. She asserts that the government failed to present sufficient evidence establishing that she entered into an agreement with Gartrell and Adam Smith to distribute crack cocaine. We disagree. The government introduced ample circumstantial evidence establishing the existence of an agreement. The evidence showed that both apartments were leased in Smith's name. See United States v. Morales, 868 F.2d 1562, 1574 (11th Cir. 1989) (defendant's name on the lease where drug transaction took place was circumstantial proof of the existence of an agreement). The evidence also showed that Smith allowed crack cocaine to be made in the apartments. When the police searched the Westchester Circle apartment, they found baking soda, gloves, plastic

3

bags, and two Pyrex dishes coated in cocaine in the kitchen. At the Laurel Drive apartment, the police found, among other things, a digital scale and plastic bags. Officer Fitzgerald also testified that Smith did not immediately open the door when the police arrived to search the Westchester Circle apartment. Although she saw the officers standing outside, she waited over a minute to open the door. When the police entered, Officer Fitzgerald heard the toilet running, suggesting that Smith had flushed drugs down the toilet before opening the door. Based on that evidence, a jury could have reasonably concluded that Smith was an active participant in the drug conspiracy.

Smith also challenges her possession conviction. To convict a person of possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1), the government is required to prove three elements: "(1) knowledge; (2) possession; and (3) intent to distribute." United States v. Poole, 878 F.2d 1389, 1391 (11th Cir. 1989). Smith argues that the government failed to establish the second element—that she was in possession of crack cocaine.

"Possession may be actual or constructive, joint or sole." United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004). "A defendant has actual possession of a substance when he has direct physical control over the contraband." United States v. Edwards, 166 F.3d 1362, 1363 (11th Cir. 1999). Constructive possession

4

of a substance "can be proven by a showing of ownership or dominion and control over the drugs or over the premises on which the drugs are concealed." United States v. Woodard, 531 F.3d at 1352, 1360 (11th Cir. 2008).

Smith's argument is without merit. The police found 26.8 grams of crack cocaine inside the Westchester Circle apartment. The government produced a copy of the lease for that apartment; it was in Smith's name. Based on that evidence, a reasonable jury could have concluded that Smith exercised dominion and control over the apartment and thus was in constructive possession of the crack cocaine found inside it. See Morales, 868 F.2d at 1573 (finding that the defendant had constructive possession of drugs found in the apartment that he leased because he had dominion and control over the apartment). Therefore, sufficient evidence also supported her possession conviction.

Finally, Smith challenges her convictions under 21 U.S.C. § 856(a)(1). She contends that the evidence showed only that she lived at the Westchester Circle and Laurel Drive apartments. To obtain a conviction "under 21 U.S.C. § 856(a)(1), the government must prove that the defendant: (1) knowingly, (2) operated or maintained a place, (3) for the purpose of manufacturing, distributing, or using any controlled substance." Garcia, 405 F.3d at 1271. "The offense requires two mental elements, knowledge and purpose. The purpose element applies to the person who

5

is charged with maintaining the place for the illegal activity. It is not sufficient that others possess the requisite purpose." United States v. Clavis, 956 F.2d 1079, 1090 (11th Cir. 1992).

The evidence showed that both apartments were leased in Smith's name and that materials commonly used to make and package crack cocaine for purposes of distribution were found in the apartments in plain view. See id. ("Acts evidencing such matters as control, duration, acquisition of the site, renting or furnishing the site, . . . and continuity are, of course, evidence of knowingly maintaining the place . . . ."). The evidence also showed that Smith had marijuana in her back pocket when the police searched the Westchester Circle apartment and that a pipe used to smoke marijuana was found in the master bedroom. Viewing that evidence in the light most favorable to the government, a reasonable jury could have concluded that Smith knowingly maintained both apartments for the purpose of manufacturing, distributing or using crack cocaine and marijuana. Because sufficient evidence supported each of Smith's convictions, we affirm.

**AFFIRMED.**