[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16106
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-20616-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDY GEORGES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Andy Georges appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Georges argues that: (1) there was insufficient evidence to support his conviction because a reasonable jury

could not have found that he knowingly possessed a firearm; and (2) his conviction should be vacated because § 922(g)(1) does not require that a firearm substantially affected interstate commerce, and thus, exceeds Congress's authority under the Commerce Clause. After thorough review, we affirm.

We review de novo a district court's denial of judgment of acquittal on sufficiency of evidence grounds, viewing the evidence in the light most favorable to the government. United States v. Emmanuel, 565 F.3d 1324, 1333 (11th Cir.), cert. denied, 130 S.Ct. 1032 (2009). When a defendant challenges the constitutionality of a statute for the first time on appeal, we will review the claim only for plain error. United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005). Under plain error review, we may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, (3) affects substantial rights; and (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1271 (quotation omitted).

First, we reject Georges' claim that there was insufficient evidence to support his conviction. By its terms, § 922(g)(1) makes it a crime for a convicted felon to possess a firearm. See 18 U.S.C. § 922(g)(1). To prove that a defendant committed an offense under § 922(g)(1), the government must prove beyond a reasonable doubt that (1) the defendant knowingly possessed a firearm, (2) the

defendant was a convicted felon, and (3) the firearm affected or was in interstate commerce. United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004).

In this appeal, Georges' possession of the firearm is the only element in dispute. Possession, in the context of § 922(g)(1), requires that the defendant knowingly possess the firearm and may be proven either by showing that the defendant actually possessed the firearm, or by showing that he constructively possessed it. United States v. Pedro, 999 F.2d 497, 500 (11th Cir. 1993). "To prove actual possession the evidence must show that the defendant either had physical possession of or personal dominion over the thing allegedly possessed." United States v. Leonard, 138 F.3d 906, 909 (11th Cir. 1998). A defendant's resistance to arrest is admissible as evidence of consciousness of guilt. Wright, 392 F.3d at 1274.

"We will not overturn a conviction on the grounds of insufficient evidence unless no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Wright, 392 F.3d at 1273 (quotation omitted). "[We] must accept a jury's inferences and determinations of witness credibility." Id. "[T]he jury is free to choose among reasonable constructions of the evidence." United States v. Rudisill, 187 F.3d 1260, 1267 (11th Cir. 1999).

3

Here, the evidence was sufficient for a reasonable juror to find that Georges knowingly possessed a firearm. A detective testified that he saw the driver throw a metal object that appeared to be a gun with his left arm, and another officer later found a gun where the object was allegedly thrown. Georges' defense counsel cross-examined the detective on his ability to see the car's driver throw a gun out of the window, and because the jury's verdict suggests that it found the detective's testimony to be credible, we accept the jury's determination that the detective's testimony was credible. See Wright, 392 F.3d at 1273.

Although there was another individual in the car, whom Georges argues could have been in possession of the firearm, the jury is free to choose among reasonable constructions of the evidence. See Rudisill, 187 F.3d at 1267. Based on where the gun was thrown from the car and where Georges and the car's passenger exited the car, there was sufficient circumstantial evidence for the jury to find that Georges, and not the car's passenger, threw the gun. Further, evidence showing that Georges fled from police in a car and by foot could indicate that he only resisted arrest because he realized that he illegally possessed a gun. See Wright, 392 F.3d at 1274.[1]

---

[1] The cases that Georges cites in support of his position are distinguishable because: (1) unlike in Pedro, 999 F.2d at 501-02, there was evidence that Georges actually possessed the gun by throwing it out of the car that he was driving; and (2) unlike in the unpublished and non-binding decision in United States v. Tolbert, 185 Fed. Appx. 913 (11th Cir. 2006) (unpublished),

In short, viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor, the district court did not err in concluding that a reasonable juror could have found beyond a reasonable doubt that Georges actually possessed a firearm, as required for a conviction under § 922(g)(1).

We are likewise unpersuaded by Georges' claim that his conviction should be vacated because § 922(g)(1) violates the Commerce Clause. Georges concedes that, in United States v. McAllister, 77 F.3d 387 (11th Cir. 1996), we decided that § 922(g)(1) was not a violation of Congress's authority to regulate interstate commerce, but argues that this opinion was wrongly decided and conflicts with United States v. Lopez, 514 U.S. 549 (1995).

The law of this Circuit is "emphatic" that only the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision. Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997). We have repeatedly upheld the constitutionality of § 922(g) against Commerce Clause challenges. See, e.g., United States v. Matthews, 466 F.3d 1271, 1273 n.2 (11th Cir. 2006); Wright, 392 F.3d at 1280 (listing cases in which we have upheld the constitutional validity of § 922(g)). In McAllister, we rejected a constitutional challenge identical to Georges'

_____

there was evidence that reasonably showed that Georges, and not the passenger in the car, threw the gun out of the window.

5

argument -- that based on <u>Lopez</u>, § 922(g) exceeds Congress's Commerce Clause power because it does not require a substantial effect on interstate commerce. 77 F.3d at 389-90 ("Nothing in <u>Lopez</u> suggests that the 'minimal nexus' test should be changed").

We are bound by <u>McAllister</u> because we have not yet overturned <u>McAllister</u> or its progeny while sitting <u>en banc</u>, and no subsequent Supreme Court decision undermines our analysis of the constitutionality of § 922(g)(1). <u>See</u> <u>Cargill</u>, 120 F.3d at 1386. Therefore, the district court did not err, plainly or otherwise, in convicting Georges under a constitutional criminal statute.

**AFFIRMED.**