[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11423
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cr-00365-LSC-JEO-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEANDRE DONNELL DUNKLIN,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 15, 2015)

Before HULL, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Deandre Donnell Dunklin appeals his conviction for unlawful possession of

a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He argues

that the government's evidence was insufficient to show that he had personal

dominion over the firearm or the intent to exercise control over the firearm, because (1) no individual witnessed him holding the weapon, and (2) no circumstantial evidence placed the weapon in his physical possession. After review of the record and the parties' briefs, we affirm.

## I

On May 14, 2013, Lisa Budges saw Mr. Dunklin standing outside her apartment arguing with another man. According to Ms. Budges, Mr. Dunklin held a gun in the man's face and said he "didn't give a damn" and was "ready to go back to prison anyway." Ms. Budges could not identify the type of gun Mr. Dunklin was holding.

On the same night, John Stearnes, a neighbor of Ms. Budges, saw Mr. Dunklin standing on Ms. Budges' porch. The next morning, Mr. Stearnes found that someone had broken into his shed. He saw Mr. Dunklin sitting on the hood of a red Firebird and reported him as a suspicious person.

Detective Ibor Sanders and Detective Roderick Shelby of the Birmingham Police Department responded to Mr. Stearnes' call. When they arrived, Detective Sanders saw a male, later identified as Mr. Dunklin, sitting on a red Firebird. As he approached, Detective Sanders saw Mr. Dunklin take his left hand out of his pocket, reach down to the ground, "disappear[] for a second," and then "raise[] up real quick." When the detectives approached Mr. Dunklin, Detective Sanders

2

looked down and saw a gun lying on the ground at Mr. Dunklin's feet. Detective Shelby secured Mr. Dunklin, and Detective Sanders took the gun. Mr. Dunklin was shaking uncontrollably and told the detectives that he had "nervous conditions."

Mr. Dunklin was indicted for possessing a firearm as a felon on May 15, 2013, the morning that he was arrested, and not for his alleged actions on Ms. Budges' porch the night before. At Mr. Dunklin's trial, both detectives testified that no loose ammunition was found in Mr. Dunklin's possession and that they did not hear the sound of a gun hitting the ground when Mr. Dunklin put his left hand down. Detective Shelby admitted that it would be difficult for even a big man to conceal the shiny pistol in his hand on a sunny day. Both detectives testified that nothing else other than the gun was on the ground near Mr. Dunklin's feet, and no other people were in the area. The detectives did not submit the gun to be dusted for fingerprints.

At the close of the government's case, Mr. Dunklin's counsel moved for a judgment of acquittal, asserting that the government failed to show that Mr. Dunklin had actual or constructive possession of the gun. The district court denied Mr. Dunklin's motion. Mr. Dunklin chose not to testify, and the defense did not present any evidence. The jury found Mr. Dunklin guilty of violating 18 U.S.C. §

3

922(g)(1), and the district court sentenced him to twenty-five months' imprisonment.

## II

We review the sufficiency of the evidence *de novo* and construe all reasonable factual inferences in favor of the jury's verdict. *See United States v. Jimenez*, 564 F.3d 1280, 1284 (11th Cir. 2009). Evidence is deemed sufficient to support a conviction if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *Id.* at 1484–85.

To prove that Mr. Dunklin violated § 922(g)(1), the government must show that (1) he knowingly possessed a firearm, (2) he was a convicted felon, and (3) the firearm was in or affecting interstate commerce. *See United States v. Palma,* 511 F.3d 1311, 1315 (11th Cir. 2008). The parties stipulated that Mr. Dunklin was a convicted felon and that the firearm had traveled in interstate commerce. Therefore, the only question at issue is whether Mr. Dunklin knowingly possessed the firearm.

## A

The government may satisfy § 922(g)'s possession element by proving either actual or constructive possession. *United States v. Albury*, 782 F.3d 1285, 1294 (11th Cir. 2015). Actual possession is shown by establishing that the defendant had physical possession or personal dominion over the thing allegedly

possessed.  *See United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996).

Constructive possession exists when the defendant "exercises ownership, dominion, or control over the item or has the power and intent to exercise dominion or control."  *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006).  Alternatively stated, constructive possession exists when the defendant has "knowledge of the thing possessed coupled with the ability to maintain control over it or reduce it to his physical possession."  *United States v. Baldwin*, 774 F.3d 711, 722 (11th Cir. 2014).  A defendant's mere presence near an item is, by itself, insufficient to establish possession.  *See United States v. Beckles*, 565 F.3d 832, 841 (11th Cir. 2009).

Possession may be shown through direct or circumstantial evidence.  *See United States v. Smith,* 591 F.2d 1105, 1107 (5th Cir. 1979).  Circumstantial evidence of constructive possession may include that the thing allegedly possessed was in plain sight or that the defendant had ready access to it.  *See United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006) (holding that ammunition found in plain view on a table in a home where only the defendant resided was sufficient to establish constructive possession).  *Cf. United States v. Edwards*, 166 F.3d 1362, 1364 (11th Cir. 1999) (holding that the defendant did not have constructive possession of cocaine located in the locked trunk of an undercover agent's car because the defendant did not have access to the trunk).

5

A defendant's behavior may also support a finding of constructive possession. Instructive cases are *United States v. DeLeon*, 641 F.2d 330, 335–36 (5th Cir. Apr. 1981) (holding that the defendant's actions—talking to a fellow passenger, turning around, and looking out the back window of the car as they were pursued by narcotic agents—was evidence that he constructively possessed a bag of cocaine that was thrown from the car during the pursuit), and *United States v. Carrillo*, 565 F.2d 1323, 1325 (5th Cir. 1978) (holding that vehicle passenger's display of extreme nervousness during border agent's search, in addition to the presence of heroin under the car's front console between the driver and passenger seats, was sufficient to establish that the passenger had constructive possession of the heroin).

**B**

Drawing all reasonable inferences in favor of the verdict, we hold that a reasonable trier of fact could find that the evidence established beyond a reasonable doubt that Mr. Dunklin knowingly possessed the gun.

First, a reasonable jury could infer from the evidence that Mr. Dunklin had physical possession of the gun as the police approached, then removed it from his pocket, reached down, and placed it on the ground at his feet. Detective Sanders testified that, as he approached Mr. Dunklin sitting on the red Firebird, he saw Mr. Dunklin take his left hand from his pocket, reach down to the ground, and then rise

back up.  Although Detective Sanders did not actually see a gun in Mr. Dunklin's hand or hear a gun hit the ground, when the detectives approached Mr. Dunklin, the gun, and nothing else, was on the ground at Mr. Dunklin's feet.  No other individuals were in the area.  Furthermore, a jury could infer that Mr. Dunklin's uncontrollable shaking, which he attributed to "nervous conditions," indicated his nervousness at the prospect of the police discovering his illicit firearm.  This circumstantial evidence is sufficient to support a finding of actual possession.

Second, even if Mr. Dunklin did not remove the gun from his pocket as the police approached, a jury could reasonably find that Mr. Dunklin had knowledge of the gun's presence and the "ability to maintain control over it or reduce it to his physical possession, even though he [did] not have actual personal dominion." *Baldwin*, 774 F.3d at 722.  Again, the gun was found at Mr. Dunklin's feet, and no other individual was in the area.  The gun was in plain view on the ground, and Mr. Dunklin had ready access to it.  *See Greer*, 440 F.3d at 1271; *Edwards*, 166 F.3d at 1364.  A jury could find that Mr. Dunklin's uncontrollable shaking indicated his knowledge of the gun's presence and fear that the police would discover it.  *See Carrillo*, 565 F.2d 1323 at 1325; *DeLeon*, 641 F.2d at 335–36.  This circumstantial evidence is sufficient to support a finding of constructive possession.

**III**

Because the government presented sufficient evidence to support a finding of knowing possession under 18 U.S.C. § 922(g)(1), we affirm Mr. Dunklin's conviction.

**AFFIRMED.**