**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel PEDRO, a/k/a Manuel Condiles,**
**Defendant–Appellant.**

No. 91–6081.

United States Court of Appeals,
Eleventh Circuit.

April 9, 1993.

Faith Mesnekoff, Brenda Bryn, Asst. Federal Public Defenders, Miami, FL, for defendant-appellant.

Linda Collins Hertz, Dawn Bowen, Rick Carey, Asst. U.S. Attys., Miami, FL, for plaintiff-appellee.

Before COX, Circuit Judge, JOHNSON, Senior Circuit Judge, and ALAIMO,* Senior District Judge.

ALAIMO, Senior District Judge:

Defendant Manuel Pedro ("Pedro") was convicted after a jury trial in the United States District Court for the Southern District of Florida of possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant now appeals two aspects of his conviction. Specifically, he argues that: (1) the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he constructively possessed the firearm at issue; and, (2) the indictment improperly charged him with aiding and abetting himself, constituting plain error. For the reasons which follow, Defendant's conviction will be REVERSED and the case REMANDED to the district court for the entry of a judgment of acquittal.

## I. STATEMENT OF THE FACTS

On the evening of April 6, 1991, Defendant Pedro and Jose Villafani ("Villafani") were arrested for a suspected burglary of a Miami, Florida, apartment. At the site of the arrest, Villafani was carrying a suitcase that was discovered to contain, among other items, a firearm. Accordingly, on June 20, 1991, Pedro, who had been convicted of a felony offense on a prior occasion, was indicted on a single-count of knowingly possessing a firearm, after having been previously convicted of a felony, in violation of both 18 U.S.C.

§ 922(g)(1)[1] and 18 U.S.C. § 2.[2] Villafani was not charged as a co-defendant in the federal action. At the jury trial held on August 12, 1991, Pedro stipulated to having been previously convicted of a felony offense prior to April 6, 1991.

At trial, the Government first called Officer Lazzaro Perez who testified that on the evening of April 6, 1991, he and his partner, Officer Juan Enriquez, responded to a crime-in-progress call for a burglary of an apartment. He stated that outside the residence, he observed a chair beneath an open window, and then he and his partner proceeded to the front door of the apartment where they heard voices behind the locked door. Approximately five minutes later, Villafani exited the front door followed by Pedro who was several feet behind him. At the time, Villafani was carrying a suitcase, while Pedro was not carrying anything. Officer Perez testified that he ordered the men to "freeze," whereupon Villafani and Pedro turned toward the officers and stated that nothing improper was occurring. According to Officer Perez, when the officers ordered the men to place their hands behind their heads, Villafani placed the suitcase on the ground. Officer Perez testified that both Villafani and Pedro again stated that nothing was happening and requested to open the suitcase to show that they were just moving some property. The officers again told the men not to move, and they placed the men under arrest.

Officer Perez testified that after putting the men in the patrol car, the officers entered the residence, finding property in the front room and a general appearance that the apartment had been "ransacked." In particular, property had been moved to abnormal positions and drawers and closets were open. Officer Perez stated that he and his partner then proceeded to check the suitcase for

---

* Honorable Anthony A. Alaimo, Senior U.S. District Judge for the Southern District of Georgia, sitting by designation.

1. In pertinent part, 18 U.S.C. § 922(g)(1) provides:

  It shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition. ...

18 U.S.C. § 922(g)(1) (1988).

2. In pertinent part, 18 U.S.C. § 2 provides:

  (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

18 U.S.C. § 2 (1988).

property. He testified that "[i]nside the suitcase there [were] several items from inside the residence: clothing, some merchandise, some coins. We also observed two knives and a gun." (R. at Vol. II p. 12.) The Government ended its direct examination of Officer Perez after he identified the 9-millimeter semi-automatic Smith and Wesson found in the suitcase.

On cross-examination, Officer Perez stated that he and his partner first stopped at the residence of Deborah Nugent, the woman who called the police to report the burglary in progress and who lived across the street from the apartment in question. Perez conceded that he and his partner never saw anyone enter the apartment, but only observed Villafani and Pedro exiting. Officer Perez also agreed that the suitcase was a hard cover suitcase, not a soft duffel bag or a material through which the contents of the suitcase could be discerned. Next, he stated that a detective was called to the scene and, to Officer Perez's knowledge, no fingerprints of Pedro's were found in the residence. Finally, Officer Perez testified that although Villafani made statements at the arrest scene, he did not implicate Pedro in the burglary or indicate that Pedro had any knowledge of the burglary.

The Government then called Omar Garcia, an investigator with Metro Dade Police, who testified that upon his arrival at the residence, Villafani and Pedro were already in custody. Garcia stated that he examined and photographed the property in the suitcase, as well as the other property at the residence. He noted that although he dusted the apartment and attempted to take fingerprints, he could not find any. Moreover, he did not attempt to take any fingerprints on the firearm because he did not believe that he would be able to obtain any prints of value. Garcia's testimony about the condition of the apartment was the same as Officer Perez's. He noted, however, that a carpet was rolled up with property inside as if it were to be taken from the residence. Upon cross-examination, Garcia stated that he arrived at the

scene after Villafani and Pedro had been arrested and taken into custody.

The final Government witness was George Mastin, a Special Agent with the Bureau of Alcohol, Tobacco and Firearms. Mastin testified that he was contacted by the Metro Dade Police who informed him that Pedro had been arrested while in possession of a firearm. He stated that he placed a trace on the gun, determining that it was manufactured in Springfield, Massachusetts. Additionally, he asserted that he initiated an examination of the gun for latent fingerprints. On cross-examination, however, he conceded that the lab report came back negative, and no fingerprints were found on the firearm.

The Government then rested, and Pedro, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, moved for a judgment of acquittal, arguing that "[t]he Government failed to carry the burden [to] show[ ] that [Defendant] had any knowledge, whatsoever, that there was a gun inside the suitcase that [Villafani] was carrying or to show that [Defendant] exercised any control or custody over the [gun] that was inside that suitcase." (R. at Vol. II p. 27.) The district court denied Pedro's motion.

Pedro called only one witness, Deborah Nugent, the woman who had originally contacted the Metro Dade Police to inform them of the burglary in progress. Nugent testified that she observed someone drive up to the residence across the street and climb up on to the carport of that building. She stated that the man she observed climb onto the carport was not Pedro. No further testimony was obtained from Nugent.

After Nugent's testimony, Pedro again made a Rule 29 motion, arguing that the additional testimony showed that he did not break into the residence. The district court again denied the motion. Subsequently, the jury returned a verdict of guilty, and Pedro was later sentenced to two-hundred and forty months of imprisonment, followed by five years of supervised release.[3] On December 5, 1991, Pedro filed this timely appeal.

---

**3.** Pedro received an enhanced sentence under 18 U.S.C. § 924(e)(1) as a result of his having had at least three previous convictions constituting violent felonies under 18 U.S.C. § 924(e)(2)(B). Pedro has previously been convicted of burglary on three prior occasions in the Circuit Court of the

**500**

## II. ISSUES ON APPEAL

Pedro asserts two principal grounds on appeal. First, he contends that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he exercised constructive possession over the firearm in the closed suitcase carried by Villafani. Second, he argues that, since he alone was charged with the crime, the aiding and abetting charge in the indictment was improper because a person can not aid and abet himself. He contends, therefore, that he was charged with a non-existent crime. He claims that the error in the faulty indictment was compounded by the district court's instruction to the jury on "aiding and abetting," as well as statements in the Government's closing argument improperly urging the jury to convict Pedro for aiding and abetting in the burglary. Although Pedro did not challenge the asserted "aiding and abetting" errors during the trial, he contends that they amount to "plaint error," requiring reversal of his conviction.

## III. ANALYSIS

### A. Sufficiency of the Evidence

■ In reviewing a challenge on sufficiency of the evidence grounds, an appellate court must examine such claims "in the light most favorable to the government and draw all reasonable inferences and make all credibility determinations in support of the jury's verdict." *United States v. Reme*, 738 F.2d 1156, 1160 (11th Cir.1984) (citing *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942)), *cert. denied*, 471 U.S. 1104, 105 S.Ct. 2334, 85 L.Ed.2d 850 (1985). An appellate court must uphold a conviction if, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979) (emphasis omitted). However, "[a] conviction must be reversed, 'if a reasonable jury must necessarily entertain a reasonable doubt as to the defendant's guilt.'" *United States v. Vera*, 701 F.2d 1349, 1357 (11th Cir.1983) (quoting

*United States v. Marx*, 635 F.2d 436, 438 (5th Cir.1981)).

■ The only element of the crime for which Pedro was convicted that is being challenged on sufficiency of the evidence grounds is the requirement that he "possess" the firearm. Both the Government and Pedro acknowledge that a party may be deemed to "possess" a firearm under 18 U.S.C. § 922(g)(1) through either actual or constructive possession. *See United States v. Smith*, 591 F.2d 1105, 1107 (5th Cir.1979) ("Like any other fact in issue, possession may be proved by circumstantial as well as direct evidence. The law also recognizes that possession may be either actual or constructive."). Moreover, both parties concede that Pedro was not in actual possession of the firearm carried by Villafani. However, Pedro contends that the evidence fails to establish that he constructively possessed the firearm because there was insufficient evidence that he knew of the gun's presence in the suitcase. Accordingly, he argues that he could not have been in possession of the firearm and, thus, the district court erred in denying his motions for judgment of acquittal. In contrast, the Government contends that a reasonable jury could have inferred from the evidence that Pedro knew of the gun's presence in the suitcase and, therefore, the conviction should stand.

■ In *United States v. Smith*, 591 F.2d 1105, 1107 (5th Cir.1979), the former Fifth Circuit held that for a person to have constructive possession over a firearm, the person must have both "the intent and the power to exercise dominion and control over the [firearm]." As such, a defendant must, in fact, know of the firearm's existence in order to exercise dominion and control over it. *See also United States v. Mieres–Borges*, 919 F.2d 652, 657 (11th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1633, 113 L.Ed.2d 728 (1991) (noting constructive possession requires "knowing exercise" or "knowing power or right to exercise dominion and control"). Moreover, a defendant's

---

Eleventh Judicial Circuit of Florida, in and for Dade County. *See* Case Nos. 74–1366–A, 76–1637–C and 83–14089–C. Additionally, Pedro

was convicted in the same court of committing battery on a law enforcement officer. *See* Case No. 83–22687.

" 'mere presence in the area of [an object] or awareness of its location is not sufficient to establish possession.' " *Id.* (quoting *United States v. Maspero,* 496 F.2d 1354, 1359 (5th Cir.1974)).

In a more recent case, *United States v. Thomas,* 987 F.2d 697, 702 (11th Cir.1993), this Court reversed a conviction under 18 U.S.C. § 924(c), an analogous statute that increases the sentence for any person who "uses or carries" a firearm while engaging in a crime of violence or drug trafficking. In *Thomas,* the evidence was deemed to be insufficient because no showing was made that the defendant knew his co-defendant was carrying a gun or would use a gun in the robbery. *Id.* at 702. Noting that the Government offered no testimony linking the defendant to the gun, we stated that " 'intuition cannot substitute for admissible evidence when a defendant is on trial,' nor can charges under 18 U.S.C. § 924(c) be proven through 'guilt by association.' " *Id.* (quoting *United States v. Hamblin,* 911 F.2d 551, 558 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2241, 114 L.Ed.2d 482 (1991)). Consequently, the Court reversed Thomas' conviction.

█ In the present appeal, Pedro argues that the Government failed to prove beyond a reasonable doubt that he had both the intent and the power to exercise dominion and control over the firearm in the suitcase carried by Villafani. Pedro contends that the Government proved no more than his "mere presence" in the vicinity of the firearm. Initially, Pedro argues that the evidence undermined the Government's contention that Pedro was involved in the burglary. Specifically, he notes that: (1) his fingerprints were not found on any of the objects in the apartment, even though it had been "ransacked"; (2) Villafani, not Pedro, was carrying the suitcase with the items from the apartment; (3) Villafani made statements regarding the burglary, but he never implicated Pedro; and, (4) Pedro left the apartment carrying nothing, even though there was a carpet rolled up with other property as if it were to be taken.

Pedro then asserts that even assuming he was a part of the burglary, the Government presented no evidence that he was a participant in the theft of the gun or knew of its existence. In particular, he notes that Nugent testified that it was not Pedro whom she saw enter the apartment and, thus, the Government presented no evidence as to when or how Pedro entered the residence. Moreover, there was no evidence regarding how long Pedro was in the apartment. Finally, there was no evidence whether Pedro helped pack the suitcase or could have known that the closed, hardcover suitcase contained a firearm. Accordingly, Pedro insists that it is merely unreasonable speculation to conclude that he knew of the gun's presence in the suitcase.

In contrast, the Government argues that the evidence was more than sufficient to support the jury's conclusion that he knew of the firearm's presence to support a finding of constructive possession. The Government contends that Villafani and Pedro were caught red-handed in the act of a joint burglary. Moreover, upon being ordered to stop by the police, the Government contends that Pedro "authoritatively attempted to convince the officer that nothing was amiss," thereby supporting the argument that Pedro was in control. (Br. for Appellant at 8.) Additionally, the Government notes that the firearm was on top of the other items in the suitcase, clearly in plain view when open.

Considering these factors, the Government insists that the jury could reasonably have inferred from Pedro's actions and words that he constructively possessed the firearm. The Government claims that the jury could reasonably have concluded, by reason of the alleged joint enterprise, that Pedro was in knowing possession of the gun. In fact, the Government propounds that the jury could have reasonably concluded that Villafani and Pedro "were in knowing joint possession of each and every item stolen from the victim's ransacked house, including the firearm stashed in the suitcase." (Br. for Appellant at 9.) Consequently, the Government argues that Pedro's conviction should be affirmed on the sufficiency of the evidence challenge.

We have considered the arguments of both the Government and Pedro and have reviewed the entire record. We have found

that the record is devoid of any evidence of Pedro's knowledge of the firearm carried by Villafani. Moreover, we do not believe, as the Government argues, that it would be reasonable to infer that Pedro was aware of the gun's presence as a result of the alleged joint burglary by Villafani and Pedro. Accepting the Government's argument that Villafani and Pedro were engaged in a joint burglary, it would be highly unlikely that both of the men would scour each room side-by-side, aware of what each other was picking up. More likely, to ensure the fastest operation, each man would examine separate rooms independently. Accordingly, it is not axiomatic, as the Government asserts, that Pedro would be aware of the items that Villafani placed in the suitcase because Villafani would likely have been in another part of the residence.

We concur with Pedro's assertion that the Government proved no more than Pedro's "mere presence" in the vicinity of the gun, which is insufficient to constitute constructive possession. *See United States v. Gardiner,* 955 F.2d 1492, 1495 (11th Cir.1992). Additionally, as in *Thomas,* the Government offered no testimony linking Pedro to the firearm. *Thomas,* 987 F.2d at 702. In *Thomas,* evidence constituting no more than "intuition" and "guilt by association" was determined to be insufficient to support a finding of constructive possession. *Id.* Similarly, we find that the evidence presented against Pedro rises to no higher level. We believe, therefore, that it was not reasonable to conclude beyond a reasonable doubt that Pedro constructively possessed the firearm. Accordingly, an essential element of the crime for which Pedro was convicted is absent, and his conviction must be reversed.

## B. Aiding and Abetting

Having concluded that Pedro's conviction must be reversed on the grounds of insufficiency of the evidence, we decline to address Pedro's alternative argument that he was improperly charged with aiding and abetting himself.

\* Senior U.S. Circuit Judge Paul H. Roney has elected to participate in further proceedings in

## IV. CONCLUSION

For the foregoing reasons, we conclude that the evidence was insufficient to find that the Defendant constructively possessed the firearm and, thus, the Defendant's Rule 29 motions should have been granted. Accordingly, we REVERSE the defendant's conviction and REMAND the case to the district court for the entry of a judgment of acquittal.