[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12994
Non-Argument Calendar

_____

D. C. Docket No. 05-00192-CR-T-24TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES A. MCCARTY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 9, 2007)**

Before BIRCH,  CARNES, and BARKETT, Circuit Judges.

PER CURIAM:

James A. McCarty appeals his sentence and conviction for being a felon in

possession of a firearm and ammunition, 18 U.S.C. §§ 922(g)(1), 924(e).  The district court sentenced McCarty as an armed career criminal to the statutory mandatory minimum of 180 months' imprisonment.  The prior convictions upon which the armed career criminal enhancement was based included a 1990 conviction for carrying a concealed firearm, in violation of Fla. Stat. § 790.01, which the district court determined to be a violent felony.

McCarty first  argues that there was insufficient evidence presented at trial to show that he had constructively possessed the firearm and its ammunition.   He emphasizes the contradictory testimony given by police witnesses as to the location where the handgun was found, and that the gun was found in the bedroom being used by his aunt.  McCarty contends that, while he was in the apartment with the firearm and was aware of it, there was no evidence presented that he had any intent to take control of the firearm and no direct evidence that linked him to the firearm.

We review de novo the sufficiency of evidence, viewing the evidence in the light most favorable to the government, to determine whether a reasonable jury could conclude that the defendant was guilty beyond a reasonable doubt.  United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000).

In order to prove a violation of 18 U.S.C. § 922(g), the government must show that (1) the defendant was a convicted felon; (2) the defendant knowingly

2

possessed a firearm or ammunition; and (3) the firearm or ammunition was in or affecting interstate commerce. United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000). Possession may be either actual or constructive. United States v. Pedro, 999 F.2d 497, 500 (11th Cir. 1993). As McCarty argues on appeal only that the evidence did not show possession, and the government acknowledges that it did not show actual possession, we focus on whether there was sufficient evidence for the jury to find that McCarty constructively possessed the firearm and ammunition.

Constructive possession exists when a defendant "has knowledge of the thing possessed coupled with the ability to maintain control over it or reduce it to his physical possession even though he does not have actual personal dominion," or has "ownership, dominion, or control over the contraband itself or dominion or control over the premises or the vehicle in which the contraband was concealed." United States v. Derose, 74 F.3d 1177, 1185 (11th Cir. 1996). Mere presence near contraband, or awareness of its location, is insufficient to establish possession. United States v. Gardiner, 955 F.2d 1492, 1495 (11th Cir. 1992).

The firearm and ammunition in question were concealed in McCarty's apartment, premises over which McCarty exercised dominion and control. Although McCarty's aunt was using the bedroom in which the gun and

3

ammunition were concealed, she had only been doing so for two weeks, and testified at trial that she did not use the closet where the gun was found and was not aware of the gun's presence in the room. Further, the detective in charge of the execution of the search warrant for the apartment testified that McCarty told the detective that McCarty was holding the gun for a friend. This was sufficient for the jury to reasonably infer that McCarty constructively possessed the gun and ammunition.

McCarty also argues that the district court's modified Allen[1] charge was unduly coercive. He acknowledges that, in general, the Allen charge contained in this Court's pattern instructions, and used by the district court, is generally non-coercive, but asserts that the particular circumstances of the instant case rendered the language coercive.

"This Court's inquiry on appeal of a district court's decision to give an Allen charge is limited to evaluating the coercive impact of the charge. The question we address is whether under the circumstances and language of the Allen charge the jury was unduly coerced into reaching a verdict." United States v. Elkins, 885 F.2d 775, 783 (11th Cir. 1989) (internal citation omitted). We reverse only if, under the totality of the circumstances, the Allen charge was inherently coercive. United

---

[1] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

4

States v. Chigbo, 38 F.3d 543, 545 (11th Cir. 1994).

We find that the district court's modified Allen charge was not unduly coercive. The district court followed this Court's pattern jury instructions in delivering the modified Allen charge. Most of the circumstances that McCarty points to were weaknesses in the government's case, and not germane to the issue of whether the Allen charge was unduly coercive; the only relevant circumstance was the relative speed with which the jury returned its verdict. We have previously found an identical Allen charge to be not unduly coercive when the jury returned a verdict more rapidly after the delivery of the charge than was the case here. Chigbo, 38 F.3d at 544-46.

In addition, McCarty argues that carrying a concealed firearm is not a violent felony. He concedes that this Court's precedent forecloses this argument, but asserts that Leocal v. Ashcroft, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), should lead us to reexamine the issue. We review de novo the determination that a prior conviction qualifies as a "violent felony" under § 924(e). United States v. Wilkerson, 286 F.3d 1324, 1325 (11th Cir. 2002).

Section 924(e)(1) of Title 18 provides for enhanced penalties when a defendant convicted of violating 18 U.S.C. § 922(g) has three prior convictions for violent felonies or serious drug offenses, which were committed on separate

occasions from each other. Section 924(e)(2)(B) of Title 18 defines the term "violent felony" to mean any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another."

Carrying a concealed firearm, in violation of Fla.Stat. § 790.01, is a violent felony because it poses a serious potential risk of physical injury to another. United States v. Hall, 77 F.3d 398, 401-02 (11th Cir. 1996). The Supreme Court's decision in Leocal does not affect our holding in Hall because carrying a concealed firearm is active conduct and because the statutory language examined in Leocal, 18 U.S.C. § 16, is narrower than the language of 18 U.S.C. § 924(e)(2).

McCarty further argues that his conviction under 18 U.S.C. § 922(g)(1) is a violation of the Commerce Clause. We review for plain error a constitutional challenge raised for the first time on appeal. United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005). Plain error requires error, that is plain, and that affects substantial rights. Id. at 1271. If these factors are present, then we may exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

As McCarty concedes, we have repeatedly held that 18 U.S.C. § 922(g) is a

constitutional exercise of Congress's Commerce Clause power. See, e.g., United States v. Wright, 392 F.3d 1269, 1280 (11th Cir.), cert. denied, 544 U.S. 968 (2005).

Finally, McCarty argues that his sentence violates his right to a jury trial because the district court determined that he had three prior convictions, that those convictions occurred on separate occasions, and that they were violent felonies. He asserts that Almendarez-Torres[2] does not control because he did not stipulate to the convictions. We review de novo constitutional challenges to a sentence. United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir.), cert. denied, 126 S. Ct. 1604 (2006).

We have repeatedly held that Almendarez-Torres is still good law, and there is no jury trial violation in a judicial determination of the nature of a prior conviction, such as whether or not it was a violent felony, so long as the district court does not "look beyond the statutory elements, charging documents, any plea agreement and colloquy or jury instructions, or comparable judicial record." United States v. Greer, 440 F.3d 1267, 1273-76 (11th Cir. 2006).

McCarty raises no allegation that the district court went beyond the permitted materials, that the government did not establish the fact of the requisite

_____

[2] Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.E.2d 350 (1998).

prior convictions, that the convictions were not violent felonies, or that the underlying offenses occurred on separate occasions. McCarty's only argument is that the district court was per se forbidden from making a determination as to the nature of his prior convictions, an argument which we have rejected. See id.

Upon careful consideration of the briefs of the parties, and thorough review of the record, we find no reversible error. Accordingly, McCarty's conviction and sentence are

**AFFIRMED.**