[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2008
THOMAS K. KAHN
CLERK

No. 08-12609
Non-Argument Calendar

_____

D. C. Docket No. 07-00304-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY KEITH GRIDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(November 21, 2008)**

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Johnny Keith Grider appeals his conviction for being a felon in

possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The two issues on appeal are: (1) whether the evidence at trial was sufficient to support a finding that Grider constructively possessed a shotgun; and (2) whether the district court abused its discretion by submitting a bag with an agent's written summary on it to the jury for deliberations when Grider did not object to the statement's admissibility into evidence, only its submission to the jury.

**Sufficiency of the Evidence**

Grider argues that the evidence was insufficient to support the government's constructive possession theory and thus, insufficient to support his conviction for illegal possession of a shotgun and ammunition. Specifically, he argues that Corporal Dawn Alfonsi's trial testimony only established that Grider knew there was a shotgun in the shed and that Grider was in the vicinity of both the shotgun and the shells. Additionally, he argues that Sheriff Kenneth Kirchharr's testimony establishes that Cecil Grider, his son, possessed and used the shotgun. Grider states this evidence was insufficient for a reasonable jury to find that Grider intended to exercise dominion and control over the shotgun and ammunition.

We review sufficiency of the evidence *de novo*, "view[ing] the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." *United States v.* Martinez, 83

2

F.3d 371, 374 (11th Cir. 1996) (quoted in *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004)). "We will not overturn a conviction on the grounds of insufficient evidence unless no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (quoting *United States v. Christo*, 129 F.3d 578, 579 (11th Cir. 1997)).

To sustain a conviction under § 922(g)(1), the government was required to prove: (1) that Grider was a felon; (2) who knew he was in possession of a shotgun; and (3) that the shotgun affected or was in interstate commerce. *United States v. Wright*, 392 F.3d at 1273. Pursuant to the stipulations made at trial, the government only had to prove that Grider constructively possessed the shotgun.

The government may prove "possession" by showing either actual or constructive possession. *United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998). "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises . . . in which the object is concealed." *Id*. The defendant "must have both the intent and the power to exercise dominion and control over the [firearm]." *United States v. Pedro*, 999 F.2d 497, 500 (11th Cir. 1993) (quotations omitted). The defendant "must, in fact, know of the firearm's existence in order to exercise dominion and control over it." *Id*. However, "a defendant's mere presence in the

3

area of [an object] or awareness of its location is not sufficient to establish possession." *Id*. at 500-01 (quotations omitted). "The defendant may exercise that dominion and control either directly or through others." *United States v. Gunn*, 369 F.3d 1229, 1235 (11th Cir. 2004).

Here, the evidence at trial shows that Grider not only knew there was a shotgun on the premises and its location, but also explains why he had a shotgun. The evidence shows that Grider intended to use the shotgun to protect his chickens, therefore, establishing his intent to exercise dominion and control over the shotgun. Thus, there was sufficient evidence at trial for a rational trier of fact to find that Grider constructively possessed the shotgun.

**Submission of the Evidence**

Grider argues that the district court abused its discretion by permitting a bag with Alfonsi's handwritten note on it to be sent to the jury during deliberations. Alfonsi wrote on the bag, "Johnnie Grider admitted to having the shells and the shotgun in his shed to protect his chickens." Specifically, Grider argues that, in addition to Cecil's confession, the crux of his defense was that Alfonsi admitted on cross-examination that despite what she wrote on the bag, Grider never actually stated he possessed or used the shotgun or ammunition himself. He argues that although the court has discretion in sending exhibits to the jury, *United States v.*

4

*Pendas-Martinez*, 845 F.2d 938 (11th Cir. 1988), prohibits sending government case summaries to the jury. Grider also argues that even though he did not object to the admission of the bag during the government's case-in-chief, the bag should have been withheld from the jury because (1) Grider made a reasonable assumption that the bag would not be sent to the jury because it contained ammunition; (2) the bag was in evidence before Alfonsi admitted on cross-examination that the statement on the bag was inaccurate, and thus, Grider had no basis for objecting to its admission on direct-examination; and (3) the writing on the bag was a government case summary and submitting it to the jury placed an undue emphasis on the government's interpretation of Grider's statement.

We review a district court's evidentiary rulings for an abuse of discretion. *Pendas-Martinez*, 845 F.2d at 941. Generally, we have held that it is an abuse of discretion to "admit into evidence and send to the jury room government agent case summaries which constitute a written summary of the government's theory of the case." *Id*. To determine whether reversal is warranted, we distinguish between written summaries that contain inadmissible hearsay and those that do not. *See Pendas-Martinez*, 845 F.2d at 941; *see also, United States v. Benson*, 495 F.2d 475 (5th Cir. 1974), and *United States v. Brown*, 451 F.2d 1231 (5th Cir. 1971).[1]

_____

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior

In *Brown*, we held that it was error to admit into evidence over the defendant's objection, and subsequently submit to the jury for deliberation, an envelope containing entries from an undercover officer regarding the details of the crime. 451 F.2d at 1233-34. The envelope specifically detailed the name and address of the defendant, the narcotics found, how they were obtained, from whom they were obtained, the amount paid, the witnesses, and the reporting agent on the case. *Id*. at 1233 n.2. We adopted language from the Seventh Circuit and stated:

> [E]ven though the persons who made the memoranda were present at the trial and were tendered for cross-examination (and) that the memoranda were merely cumulative of other evidence properly in the record and that there was overwhelming evidence properly received of the defendant's guilt, we cannot say that the error did not influence the jury, to the defendant's detriment, or even that it had but very slight effect.

*Id*. at 1234 (quotations omitted). We remanded the case for a new trial based on that error and two others. *Id*. at 1236. In later cases, we emphasized that the government documents in *Brown* were hearsay. *See Benson,* 495 F.2d at 478.

In *Benson*, we held that a written summary of what a defendant told the agent was admissible evidence and permissible to go to the jury room. *Id*. at 479. The written summary was distinguishable from *Brown* because in *Benson*, the written summary was signed by the defendant attesting to its accuracy. *Id*. at 478-

to October 1, 1981.

79. Thus, there was no hearsay violation. *See id*. at 479. Additionally, the government only tendered the written summary into evidence after "defense counsel had used it extensively in his cross-examination" of a government witness. *Id*. The government did not proffer the summary on direct examination. *Id*.

In *Pendas-Martinez*, we held that the admission into evidence of a Coast Guard officer's handwritten report describing the events surrounding the offenses and its submission to the jury was an abuse of discretion. 845 F.2d at 939-40. We held that the report was inadmissible hearsay that was not subject to any of the hearsay exclusions or exceptions. *Id*. at 942. Additionally, the report was "not used extensively on cross-examination, and no challenge was made to the accuracy of the report." *Id*. We held that because no hearsay exception or exclusion "made the report admissible, and the government has demonstrated no other basis for its admissibility, the rule of *Brown* controls the issue and mandates reversal." *Id*. at 945.

Here, the record demonstrates that Grider did not object at trial to the written statement's admissibility into evidence, only its submission to the jury. He does not allege that the written summary on the bag was inadmissible hearsay. We thus conclude that the district court did not abuse its discretion by submitting an agent's written summary to the jury when there was no hearsay challenge to the summary.

**Conclusion**

After reviewing the record and reading the parties' briefs, we discern no reversible error. Therefore, we affirm Grider's conviction.

**AFFIRMED.**