[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14227
Non-Argument Calendar

_____

D.C. Docket No. 5:11-cr-00407-VEH-HGD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN MICHAEL BAIRD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 27, 2013)

Before TJOFLAT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

John Michael Baird appeals his conviction and 180-month sentence for

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  On

appeal, Baird argues that: (1) the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to prove that he possessed a firearm; (2) § 922(g)(1) is unconstitutional in light of District of Columbia v. Heller, 554 U.S. 570 (2008); (3) the district court should have recognized an affirmative "safekeeping" defense to § 922(g); (4) the district court erred in finding that his prior convictions for second-degree burglary and third-degree burglary were "violent felonies" within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"); and (5) the ACCA's residual clause is unconstitutionally vague. After careful review, we affirm.

We review de novo a district court's denial of a motion for judgment of acquittal on sufficiency of evidence grounds.  United States v. Friske, 640 F.3d 1288, 1290 (11th Cir. 2011).  We review the constitutionality of statutes de novo. United States v. Reynolds, 215 F.3d 1210, 1212 (11th Cir. 2000).   We   review de novo the district court's ruling that a conviction qualifies as a "violent felony" for purposes of the ACCA.  United States v. Matthews, 466 F.3d 1271, 1273 (11th Cir. 2006).  However, issues not raised at trial are reviewed only for plain error. United States v. Swatzie, 228 F.3d 1278, 1281 (11th Cir. 2000).  To establish plain error, a defendant must show that there is (1) error, (2) that is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public

reputation of judicial proceedings.  Id.  "An error is plain if it is obvious and clear under current law."  United States v. Eckhardt, 466 F.3d 938, 948 (11th Cir. 2006).

First, we reject Baird's claim that the evidence was insufficient to prove that he possessed a firearm.  In ruling on a sufficiency of evidence claim, we consider "the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in the Government's favor."  Friske, 640 F.3d at 1290-91 (quotation omitted).  The evidence need not be inconsistent with every reasonable hypothesis except that of a defendant's guilt, and the jury is free to choose among the reasonable conclusions drawn from the evidence.  Id. at 1291.  Credibility questions are answered by the jury, and we will assume that the jury answered them all in a manner that supports the verdict.  United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006).

For a violation of § 922(g)(1), the government must prove "(1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000).  To establish the knowing-possession element "[t]he prosecution need show only that the defendant consciously possessed what he knew to be a firearm."  Id. at 1298. Actual or constructive possession is sufficient to support a conviction for unlawful possession under § 922(g).  United States v. Pedro, 999 F.2d 497, 500 (11th Cir.

3

1993).  "A defendant has constructive possession if he exercises ownership, dominion, or control over the firearm."  United States v. Gunn, 369 F.3d 1229, 1235 (11th Cir. 2004).  "A defendant also has constructive possession if he has the power and intention to exercise dominion or control."  Id.  A defendant's presence in the vicinity of a firearm or mere association with another who possesses a firearm is insufficient to constitute constructive possession, but the firearm need not be on or near the defendant to amount to knowing possession.  United States v. Perez, 661 F.3d 568, 576 (11th Cir. 2011), cert. denied, 132 S.Ct. 1943 (2012).

In this appeal, Baird's possession of a firearm is the only element in dispute. As the record shows, sufficient evidence, when viewed in a light most favorable to the government, established Baird's knowing, constructive possession of the firearms: (1) Baird provided a written statement providing that he removed his father's guns in 2008; (2) Baird moved into the second level of the house in 2009; (3) Baird moved into the basement in December 2010; (4) Baird offered to sell Edwards the firearms "two or three weeks" after moving to the basement; and (5) the firearms were plainly visible in the basement on February 6, 2011.  This evidence allowed the jury to reasonably infer that Baird exercised dominion and control over the firearms in 2008, when he removed them from his father, in 2009 or 2010, when he moved them to the basement, and in 2010, when he offered to sell the firearms to Matthew Edwards.  And it certainly showed more than his mere

4

presence in the area of the firearms.  Thus, the jury reasonably could have inferred that Baird had not ceased to exercise such control over the firearms on February 6, 2011, and that he was guilty of being a felon in possession of a firearm under § 922(g)(1).  See Friske, 640 F.3d at 1290-91.

As for Baird's argument that the firearms were not plainly visible, that Matthew Bales never saw the firearms, and that there was no testimony that he was in area of the basement where the firearms were stored, the testimony of Deputy Jared Hopper and Edwards testimony contradicts those arguments, especially when viewed in a light most favorable to the verdict.  To the extent Baird challenges the credibility of Edwards or the deputies, the jury answers credibility questions, and we assume the jury answered them in a way that supports the verdict.  Thompson, 473 F.3d at 1142.  Because a reasonable juror could have found Baird's guilt beyond a reasonable doubt, sufficient evidence supports his conviction.

Next, we find no merit in Baird's claim that § 922(g)(1) is unconstitutional. The Second Amendment states that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  In Heller, the Supreme Court interpreted this language to "guarantee [an] individual right to possess and carry weapons in case of confrontation."  554 U.S. at 592.  The Heller Court held that the District of Columbia's ban on handgun possession in the home by law-abiding citizens

violated the Second Amendment.  Id. at 635.  The Court qualified the right to bear arms, stating that "[l]ike most rights, [it] is not unlimited," and that "nothing in [Heller] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings . . . ."  Id. at 626.  In a footnote, the Court clarified that the enumerated "presumptively lawful regulatory measures [are] only [] examples; [this] list does not purport to be exhaustive."  Id. at 627 n.26.

After Heller, we held that § 922(g)(1) is a "constitutional avenue to restrict the Second Amendment right of" convicted felons.  United States v. Rozier, 598 F.3d 768, 771 (11th Cir. 2010).  Noting that the Heller Court specifically disclaimed any erosion of the "longstanding prohibitions on the possession of firearms by felons," we said that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." Id. (quotation omitted).  We are bound by prior panel decisions unless or until they are overruled by the Supreme Court or by us sitting en banc.  United States v. Jordan, 635 F.3d 1181, 1189 (11th Cir.), cert. denied, 132 S.Ct. 356 (2011).

Here, the district court did not err in convicting Baird of violating § 922(g)(1).  Since Heller, we have held that § 922(g)(1) does not violate the Second Amendment, and that decision has not been overruled by us sitting en banc or by

6

the Supreme Court.  See Jordan, 635 F.3d at 1189; Rozier, 598 F.3d at 771.

Baird's argument is therefore without merit.

Third, we are unpersuaded by Baird's claim that the district court plainly

erred in failing to recognize an affirmative "safekeeping" defense to § 922(g).  For

starters, we review this issue for plain error because even though Baird explained

to the district court that he only possessed the firearms to take them away from his

father at the advice of his father's physician, he did not argue that the district court

should adopt an affirmative safekeeping defense to cover such conduct.  In this

Court, Baird acknowledges that we've never held that there is an affirmative

defense for safekeeping.  Because Baird cites no authority establishing that the

district court erred in failing to sua sponte recognize an affirmative safekeeping

defense to § 922(g), the error could not be plain, and Baird's claim fails.  See

Eckhardt, 466 F.3d at 948.

Fourth, we disagree with Baird's claim that his prior convictions for second-

degree burglary and third-degree burglary do not constitute "violent felonies" for

purposes of the ACCA.  The Alabama second-degree burglary statute in effect at

the time of Baird's prior convictions provided that:

> (a)    A person commits [second-degree burglary] if he knowingly enters or remains unlawfully in a building with intent to commit theft or a felony therein and, if in effecting entry or while in the building or in immediate flight therefrom, the person or another participant in the crime:
>
>> (1)    Is armed with explosives or a deadly weapon; or

7

> (2)    Causes physical injury to any person who is not a participant in the crime; or
>
> (3)    Uses or threatens the immediate use of a dangerous instrument.
>
> (b)    In the alternative to subsection (a) of this section, a person commits [second-degree burglary] if he unlawfully enters a lawfully occupied dwelling-house with intent to commit a theft or a felony therein.

Ala. Code § 13A-7-6(a), (b) (1975).  Third-degree burglary in Alabama at the time of Baird's prior convictions required a person to knowingly enter and remain unlawfully in a building with intent to commit a crime therein.  Id. § 13A-7-7(a). The Alabama code defined "building" for the purposes of burglary offenses to include, inter alia, any "vehicle, aircraft or watercraft" used for lodging or business purposes.  Id. § 13A-7-1(2).

Under the ACCA, a defendant is subject to a 15-year mandatory minimum sentence if he violates § 922(g) and has 3 distinct prior convictions for a violent felony, serious drug offense, or both.  18 U.S.C. § 924(e)(1).  The ACCA defines a "violent felony" as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

8

Id. § 924(e)(2)(B)(i)-(ii).  The ACCA provides that a "burglary" that is punishable by more than a year in prison is a violent felony.  Id. § 924(e)(2)(B)(ii).  Alabama law makes second-degree burglary a Class B felony, which is punishable by up to 20 years in prison.  Ala. Code §§ 13A-7-6(c), 13A-5-6(a)(2) (1975).  In Taylor v. United States, 495 U.S. 575, 599 (1990), the Supreme Court held that a person has been convicted of burglary for purposes of the ACCA if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.  The Supreme Court also noted that some burglary statutes define burglary more broadly than generic burglary, such as by including boats or cars among property that may be burglarized.  Id.

A conviction under a non-generic burglary statute still qualifies as a "burglary" under the ACCA if the defendant was actually found guilty of the elements of generic burglary.  Id. at 602.  In determining whether a conviction under a non-generic burglary statute qualifies as generic burglary, courts employ the "modified categorical approach," which allows the court to determine which statutory phrase was the basis for the conviction by consulting the trial records, including charging documents.  Shepard v. United States, 544 U.S. 13, 26 (2005); United States v. Sneed, 600 F.3d 1326, 1330-32 (11th Cir. 2010).  We have held that a defendant's previous third-degree burglary convictions in Alabama counted

9

for ACCA purposes because the indictments charged the defendant with burglary of the "building of Richie's Shoe Store, Inc." and "building of, to wit: Whiddon's Gulf Service Station," which, as a shoe store and service station, respectively, were places that generally fell within the scope of generic burglary.  United States v. Rainer, 616 F.3d 1212, 1216 (11th Cir. 2010).

Under the ACCA's residual clause, a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" also is a violent felony.  18 U.S.C. § 924(e)(2)(B)(ii).  If we cannot determine from the record whether a conviction under a non-generic burglary statute was a burglary of a building, we consider whether the conviction satisfies the residual clause.  See Matthews, 466 F.3d at 1274-75 (holding that a defendant who was not convicted of generic burglary was nevertheless convicted of violent crimes under the ACCA's residual clause).  Burglary is dangerous because it can end in a confrontation or violence.  Sykes v. United States, 564 U.S. __, __, 131 S.Ct. 2267, 2273 (2011). Offenses that are not strict liability, negligence, or recklessness crimes qualify as crimes of violence under the ACCA's residual clause if they categorically pose a serious potential risk of physical injury similar to the risk posed by an enumerated crime.  United States v. Chitwood, 676 F.3d 971, 979 (11th Cir. 2012).

Here, the parties agree that Alabama's second-degree and third-degree burglary statutes are non-generic burglary statutes, since the Code broadly defines

10

the term "building" to include vehicles.    Ala. Code § 13A-7-1(2) (1975). However, Baird's burglary convictions could still qualify as a "burglary" within the meaning of the ACCA if he was guilty of the elements of generic burglary, as demonstrated by the proper Shepard documents. Shepard, 544 U.S. at 26; Taylor, 495 U.S. at 602.  To the extent Baird argues that no such Shepard documents were introduced, the presentence investigation report ("PSI") referred to the underlying indictment for each predicate offense, and charging documents are acceptable under Shepard.    Thus, as in Rainer, the district court here was permitted to conclude that Baird's burglary of "El Gringo's Mexican Restaurant" was a burglary of a building, and, in turn, qualified as generic burglary.  Rainer, 616 F.3d at 1216.    On this record, we ascertain no error in the court's determination determined that one of Baird's third-degree burglary convictions qualified as "burglary" for purposes of the ACCA enhancement.  See Taylor, 495 U.S. at 602.

As for whether the district court erred in determining that Baird's nine second-degree burglary convictions fell under the ACCA's residual clause, second-degree burglary is similar in kind to the risk posed by the most similar enumerated offense in the ACCA, namely, generic burglary.  See United States v. Harris, 608 F.3d 1222, 1227 (11th Cir. 2010).  Generic burglary poses a risk of physical injury due to the potential for a violent confrontation.  See Sykes, 131 S.Ct. at 2273. Baird's prior second-degree burglary convictions carried a risk of physical injury

11

equal to, or greater than, generic burglary because each offense involved possession of a firearm by Baird or a codefendant.  Although the relevant Alabama second-degree burglary statute could have included burglary of vehicles used for lodging or business -- suggesting that the risk of a confrontation could be diminished -- there is still some potential for a confrontation.  Indeed, because the statute requires, inter alia, that the defendant be armed with explosives or a deadly weapon, the risk of such a confrontation involving a deadly weapon is greater than in a generic burglary.  See Ala. Code §§ 13A-7-1(2), 13A-7-6(a)(1) (1975).  Accordingly, the district court did not err in finding that Baird's nine convictions for second-degree burglary fell under the ACCA's residual clause and qualified as predicate offenses.

Finally, Baird argues that the ACCA's residual clause is unconstitutionally vague.  However, we have just rejected that argument, in binding precedent.  See United States v. Gandy, __ F.3d __, 2013 WL 692152, *3-*4 (11th Cir. Feb. 27, 2013).  Accordingly, Baird's claim has no merit, and we affirm.

**AFFIRMED.**