[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13806
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cr-00019-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WATKINS BROWN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 26, 2019)

Before WILLIAM PRYOR, MARTIN, and GRANT, Circuit Judges:

PER CURIAM:

Watkins Brown appeals his jury conviction for possession of a firearm by a convicted felon.  Brown argues the evidence introduced at trial was insufficient as a matter of law to support his conviction.  After careful review, we affirm.

**I.**

In April 2018, Brown was indicted with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1]  In June 2018, he proceeded to trial by jury.  The evidence presented at trial showed that on September 5, 2017, federal, state, and local law enforcement officers were patrolling neighborhoods in Columbus, Georgia.  These patrols were part of Operation Safe Streets, a Department of Justice initiative aimed at preventing and decreasing violent crimes.  Also part of this operation was for officers to arrest people who had outstanding warrants.

Sometime between about 9:30 and 10:30 p.m. that night, Georgia Department of Community Supervision Officers Tranisha Reid and Cedric Montgomery drove to Brown's home to arrest him for violating his probation. When the officers arrived, Brown was standing in his driveway with a young man whom the officers believed to be a minor.  The officers stepped out of their vehicle, and Brown asked who was there.  After Officer Reid announced her name

---

[1] Brown was also indicted with one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j), but the government dismissed that charge before the start of his trial.

2

and the officers told him they had a warrant for Brown's arrest, he grew "fidgety." Suspecting Brown might flee, Officer Reid yelled, "Don't run." Immediately, Brown ran a short distance and attempted to jump a nearby fence into a neighboring yard.

Officer Montgomery pursued Brown, caught up to him, and tased him as he was going over the fence. When Brown hit the ground and attempted to roll over, Officer Montgomery saw "a black revolver c[o]me out of his waist area" and "land[] on his side." Officer Montgomery told Brown not to move and yelled "[g]un, gun," to alert Officer Reid. With the assistance of other officers who had arrived on the scene, Officers Reid and Montgomery secured Brown and the weapon. Officer Reid testified that it was dark out that night. But Officer Montgomery said when he saw the weapon fall from Brown's waist, he could clearly see Brown and "everything in [the] immediate area" using a flashlight from his Taser.

Demetrius McDowell testified in Brown's defense. McDowell said he was the person standing in the driveway with Brown when police arrived. McDowell recounted that before the officers arrived at Brown's home, he saw what he believed to be law enforcement vehicles, got scared, and threw a gun over the fence. McDowell identified the gun at issue in this case as the one he threw. McDowell also said Brown never possessed the gun and did not know it was in

McDowell's possession.  McDowell testified that before trial he had not reported his possession of the gun to the police or anyone else out of fear he would be prosecuted.

Before Brown's case was submitted to the jury, the parties stipulated he had been convicted of a prior felony and the subject firearm had been shipped and transported in interstate commerce.  After deliberating, the jury found Brown guilty of possession of a firearm by a convicted felon.  The district court later sentenced Brown to 103-months imprisonment and three years of supervised release.  This is Brown's appeal.

## II.

Brown argues the district court erred in denying his motion for judgment of acquittal because the evidence at trial was insufficient as a matter of law to support his conviction.

We review de novo a challenge to the sufficiency of the evidence.  United States v. Gamory, 635 F.3d 480, 497 (11th Cir. 2011).  "We view the evidence in the light most favorable to the government, making all reasonable inferences and credibility choices in the government's favor."  Id. (quotation marks omitted and alteration adopted).  "We will not overturn a conviction on the grounds of insufficient evidence unless no rational trier of fact could have found the essential

4

elements of the crime beyond a reasonable doubt." United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004) (quotation marks omitted).

A conviction under § 922(g)(1) requires that a jury find: (1) the defendant was a convicted felon; (2) he knowingly possessed a firearm; and (3) the firearm traveled in or affected interstate commerce. Id. Brown stipulated, and does not now dispute, that he is a convicted felon and that the subject firearm traveled in interstate commerce. Thus, the only issue on appeal is whether there was enough evidence for a jury to find Brown knowingly possessed the firearm.

Possession in the context of § 922(g)(1) may be proved either by showing the defendant actually or constructively possessed a firearm. United States v. Pedro, 999 F.2d 497, 500 (11th Cir. 1993). "To prove actual possession the evidence must show that the defendant either had physical possession of or personal dominion over the firearm." United States v. Vereen, 920 F.3d 1300, 1310 (11th Cir. 2019) (quotation marks omitted and alteration adopted). "Possession can be shown by circumstantial as well as direct evidence." Wright, 392 F.3d at 1273.

Officer Montgomery testified he saw "a black revolver c[o]me out of [Brown's] waist" and "land[] on his side." Based on this testimony, a rational trier of fact could find Brown knowingly possessed the firearm. Brown argues Officer Montgomery did not see the firearm in his hands, but the government is not

5

required to show evidence of a defendant holding a weapon in order to show he possessed it.  See Vereen, 920 F.3d at 1310.  Brown also says "the yard was a dark and dimly li[t] area," which he contends "would have made it hard or impossible to see."  However, Officer Montgomery testified he could clearly see Brown and "everything in [the] immediate area" using a flashlight from his Taser.  Finally, Brown says McDowell's testimony showed who "actually possessed the firearm."  But the fact that a witness testified that he, not Brown, possessed the weapon does not mean there was insufficient evidence to support the jury's verdict.  "Assessing the credibility of one witness is within the jury's exclusive province, and all reasonable inferences and credibility choices must be in favor of the jury verdict."  Wright, 392 F.3d at 1274.  Based on the verdict, it seems the jury did not credit McDowell's testimony.  We conclude the evidence at trial was sufficient to convict Brown under 18 U.S.C. § 922(g)(1).

      **AFFIRMED.**